459 F.2d 705
 Fed. Sec. L. Rep. P 93,446, 1972 Trade Cases P 74,004
INVESTMENT PROPERTIES INTERNATIONAL, LTD., et al.,
Plaintiffs-Petitioners,
v.
IOS, LTD., et al., Defendants-Respondents, and Hon. Dudley
B. Bonsal, United States District Judge for the
Southern District of New York, Respondent.
 Docket 72-1060.
 United States Court of Appeals,
Second Circuit.
 Submitted Jan. 28, 1972.
Decided April 21, 1972.
 
 Kronish, Lieb, Shainswit, Weiner & Heliman, New York City, for plaintiffs-petitioners.
 Willkie, Farr & Gallagher, and Owen & Turchin, New York City, for defendants-respondents.
 Before HAYS and OAKES, Circuit Judges, and CLARIE,* District Judge.
 OAKES, Circuit Judge:
 
 
 1
 The posture of this case is procedural, and, contrary to the underlying facts involved,[1] the issue before us is clearly defined. Plaintiffs-petitioners seek a writ of mandamus directing the Honorable Dudley B. Bonsal, United States District Judge of the Southern District of New York, to reverse a decision and order signed January 6, 1972. That order denied to plaintiffs-petitioners the right to depose certain of defendants-respondents' officers in order to establish standing and subject matter jurisdiction in federal district court. For the reasons set forth below and subject to the limitations herein, the petition for mandamus is granted.
 
 
 2
 Plaintiffs-petitioners brought this action for damages for violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. Sec. 240.10b-5, and for violations of the Sherman Anti-Trust Act, 15 U.S.C. Sec. 1. A request for a preliminary injunction was denied by Judge Marvin E. Frankel on the basis that the "drastic remedy . . . of interim restraint" was improper, since it appeared likely that the individual prosecuting the suit lacked capacity to bring it in the name of the corporate plaintiff, and since "very substantial doubts" existed as to whether plaintiffs could succeed in establishing federal subject matter jurisdiction.
 
 
 3
 Thereupon plaintiffs-petitioners served a notice of taking depositions of certain named officers of defendant and its subsidiaries, the examination to be limited to the threshold issues of standing and jurisdiction. Defendants-respondents subsequently moved under Fed.R.Civ.P. 26(c) (1), before Judge Dudley B. Bonsal, for an order vacating plaintiffs-petitioners' notice of taking.[2] Judge Bonsal granted the motion "without prejudice to further discovery if it is determined that this Court has jurisdiction of the subject matter of this action."
 
 
 4
 The writ of mandamus[3] is in general "'reserved for really extraordinary causes,"' Platt v. Minnesota Mining & Manufacturing Co., 376 U.S. 240, 245, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), quoting Ex parte Fahey, 332 U.S. 258, 260, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947), and is employed only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967), quoting Roche v. Evaporated Milk Association, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); see Allied Air Freight, Inc. v. Pan American World Airways, Inc., 340 F.2d 160, 161 (2d Cir.), cert. denied, 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683 (1965). Thus mandamus "serves a vital corrective and didactic function," Will v. United States, supra, 389 U.S. at 107, 88 S.Ct. at 280, in those exceptional cases where a "'usurpation of judicial power' or a clear abuse of discretion," Schlagenhauf v. Holder, 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964), quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953), compels-contrary to the traditional jurisprudential notion of review, Will v. United States, supra, 389 U.S. at 96, 88 S.Ct. 269-appellate review prior to a rendering of a final judgment by the trial court.
 
 
 5
 The narrow restraints on the general use of mandamus are all the more difficult to apply vis-a-vis the Federal Rules of Civil Procedure discovery provisions, which to a large extent rely for their effectiveness on the discretion of the trial judge. It is settled in this circuit, however, that "[w]hen a discovery question is of extraordinary significance or there is extreme need for reversal of the district court's mandate before the case goes to judgment, there are escape hatches from the finality rule: . . . [one being] . . . an extraordinary writ." American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 282 (2d Cir. 1967). "Extraordinary significance" and "extreme need for reversal" are standards that are not self-executing. They are to be defined and measured-in deciding whether to entertain a mandamus proceeding-by the touchstones of "usurpation of power, clear abuse of discretion and presence of an issue of first impression." Id. at 283 [interpreting and applying Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)].
 
 
 6
 Judge Bonsal clearly had the power to vacate plaintiffs-petitioners' notices of deposition. Fed.R.Civ.P. 26 (c) (1). Nevertheless, the issue here is one of first impression, and the vacation reveals, through its consequences, an abuse of discretion. Discovery here, furthermore, is not a matter of mere "housekeeping," see American Express Warehousing, Ltd. v. Transamerica Insurance Co., supra, 380 F.2d at 284, but is the heart of the controversy, for on it turns plaintiffs-petitioners' right to be in court. The order below makes it virtually impossible to discover the facts on which jurisdiction and standing turn, and thus puts the plaintiffs-petitioners in a cul-de-sac which the Federal Rules never contemplated.
 
 
 7
 While Judge Bonsal did not give the rationale for this portion of his order, Judge Frankel in denying the earlier request for preliminary relief had stated that there were "sharp disputes" concerning the dates and places of the transactions alleged to form the basis of jurisdiction, see CCH Fed.Sec.L.Rep. p 93,011, at 90,736 (1971). Furthermore, Judge Frankel noted, id. at 90,733:
 
 
 8
 With respect to some of [the involved stock transactions], plaintiffs say they need an evidentiary hearing or state that they need time to inspect certain records. The court has no desire to foreclose their inquiries. The case may be an appropriate one for trial, and perhaps plaintiffs could profit from discovery. But that is another story for another day. The existence of substantial factual disputes may itself weigh against granting preliminary relief.
 
 
 9
 Plaintiffs-petitioners essentially argue that Arthur Adelson, who is prosecuting this action, became its president after the transactions purportedly supporting jurisdiction had taken place, and that the truth of those matters lies only within the knowledge and control of defendants-respondents' officers. Defendants-respondents answer that Adelson did have "access to information which should have enabled him to make at least a minimal showing of a basis of jurisdiction."
 
 
 10
 Which allegation is true is unknown to us, yet it seems to us that Judge Bonsal's order-which limits all further discovery, not just depositions, until jurisdiction is established-places plaintiffs-petitioners' case in limbo, from which there is no appeal.[4] To move forward at all with the case, plaintiffs-petitioners must prove jurisdictional facts at trial; to accomplish that, however, discovery may well be needed.
 
 
 11
 Furthermore, an order to vacate a notice of taking is generally regarded as both unusual and unfavorable, see 8 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2037, at 272 (1970), especially
 
 
 12
 [i]n view of the general philosophy of full discovery of relevant facts and the broad statement of scope in Rule 26, and in view of the power of the court under Rules 26(c) and 30(d) to control the details of time, place, scope, and financing for the protection of the deponents and parties. . . .
 
 
 13
 4 J. Moore, Federal Practice p 26.69, at 26-493, 494 (2d ed. 1971). Cf. Littlejohn v. Shell Oil Co., 456 F.2d 225 (5th Cir., 1972) (2-1 decision) (error to grant motion for summary judgment "before the plaintiff had been afforded the opportunity to utilize discovery to develop basic jurisdictional facts from data solely within the defendants' possession").
 
 
 14
 We consider the order in this case as creating the exceptional circumstances necessary to support the extraordinary writ of mandamus, and we find the criteria of the Schlagenhauf and American Express cases, supra, to be satisfied. See also International Products Corp. v. Koons, 325 F.2d 403 (2d Cir. 1963) (case remanded with suggested modification, application for writ allowed if modification not made); Madison-Lewis, Inc. v. MacMahon, 299 F.2d 256 (2d Cir. 1962) (writ granted; 2-1 decision); 4 J. Moore, Federal Practice p 26.83 [9.-4], at 26-612-622 (2d ed. 1971). Thus we grant the petition for writ of mandamus and direct the district judge to vacate his order entered January 6, 1972, which order vacated plaintiffs-petitioners' notices of discovery, including depositions, and to allow such limited discovery as will permit the trial court to determine whether it has jurisdiction and whether plaintiffs have standing to prosecute this action. In respect both to standing and to subject matter jurisdiction discovery must be aimed at the production of factual matter other than what appears in the opinion of Judge Frankel denying preliminary relief or the orders of Judge Bonsal filed herein. Needless to say, if plaintiffs at any time abuse their privileges hereunder, the way will remain open to defendants to apply to the district court for appropriate relief under Fed.R.Civ.P. 26(c) (1).
 
 
 15
 Judgment in accordance with opinion.
 
 
 
 *
 Of the District of Connecticut, sitting by designation
 
 
 [1]
 The facts of the case, and especially those relative to the standing and jurisdiction issues, are discussed extensively in Judge Marvin E. Frankel's opinion denying preliminary relief, published in CCH Fed.Sec.L.Rep. p 93,011, at 90,726 (S.D.N.Y. April 21, 1971). On an expedited appeal, this court affirmed that decision without an opinion
 
 
 [2]
 Or, alternatively, for an order specifying the way in which any depositions could be taken
 
 
 [3]
 The All Writs Act, 28 U.S.C. Sec. 1651(a), grants to the federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."
 
 
 [4]
 It is, of course, possible for the court below to hear the jurisdictional and standing questions on affidavits only, as well as on oral testimony or depositions. Fed.R.Civ.P. 43(e). But affidavits based on mere supposition or only of a conclusory nature might well be held insufficient. See, e. g., Unicon Management Corp. v. Koppers Co., 250 F.Supp. 850 (S.D.N.Y.1966). See also 5 J. Moore, Federal Practice p 43.13 at 1385 (2d ed. 1971)