**Evelyn LUEBBE and Ray H. Luebbe, Plaintiffs,**

v.

**The PRESBYTERIAN HOSPITAL IN the CITY OF NEW YORK AT COLUMBIA-PRESBYTERIAN MEDICAL CENTER, W. Jost Michelsen, M.D., P.C. and Abe Steinberger, M.D., Defendants.**

**W. Jost MICHELSEN, M.D., P.C., Third-Party Plaintiff,**

v.

**CODMAN & SHURTLEFF, INC., Third-Party Defendant.**

**No. 81 Cir. 4219 (RLC).**

United States District Court, S. D. New York.

Nov. 24, 1981.

O'Connor, McGuinness, Conte, Doyle, Oleson & Collins, White Plains, N. Y., for defendant and third-party plaintiff W. Jost Michelsen, M.D., P.C.; Dennis L. O'Connor, Jr., White Plains, N. Y., of counsel.

Patterson, Belknap, Webb & Tyler, New York City, for third-party defendant Codman & Shurtleff, Inc.; Karl E. Seib, Jr., Susan U. Douglass, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This is a medical malpractice action against a hospital and two doctors whose alleged negligence caused plaintiffs to sustain damages. The action was commenced in the Supreme Court of the State of New York, County of Westchester. But, on June 17, 1981, one of the individual defendants, Dr. W. Jost Michelsen, initiated a third-party action against Codman & Shurtleff, Inc., alleging that to the extent that plaintiffs suffered their alleged injuries, said injuries were the result of Codman & Shurtleff's improper manufacture of a surgical instrument. The third-party defendant moved the entire lawsuit to this court by a petition filed July 7, 1981. Michelsen now moves for an order pursuant to 28 U.S.C. § 1447(c), remanding this cause to the state court in which it originated and directing Codman & Shurtleff to reimburse him for all costs incurred in the removal proceedings.

The arguments for both removal and remand focus on one subsection of the general removal statute, 28 U.S.C. § 1441(c), which provides that

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district

court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Since the third-party complaint would be removable if sued upon alone, given the diversity of citizenship between Michelsen and Codman & Shurtleff, *see* Collins affidavit at 2, determination of this motion hinges upon whether or not Michelsen's claim is "separate and independent." [1]

Unfortunately, the solution is not as easily identified as the issue. There are several contradictory lines of cases dealing with third-party removals. Some cases have proceeded under the theory that § 1441(c) is applicable only to claims asserted by the original plaintiff, thus excluding by definition any removal by a third-party defendant. *See e. g., Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008, 1013 (M.D.Ala. 1977); *Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321, 324 (N.D.Ill.1967); *Shaver v. Arkansas-Best Freight System*, 171 F.Supp. 754, 762 (W.D.Ark.1959). This view was accepted in the only case on point in this court our research has uncovered, *Burlingham, Underwood, Barron, Wright & White v. Luckenbach Steamship Company, Inc.*, 208 F.Supp. 544 (S.D.N.Y.1962) (Levet, J.), and has achieved near unanimity among the commentators. *See, e. g.*, 14 Wright, Miller & Cooper, *Federal Practice and Procedure*: Civil § 3724 at 643.

Other courts have held that third-party defendants have a right to remove separate and independent causes of action. *See, e. g., Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135–6 (5th Cir. 1980); *Bond v. Doig*, 433 F.Supp. 243 (D.N.J.1977); *Coleman v. A & D Machinery Co., Inc.*, 298 F.Supp. 234, 236 (E.D.Cal. 1969); *Wayrynen Funeral Home, Inc. v. J. G. Link & Company*, 279 F.Supp. 803, 806 (D.Mont.1968). These cases argue that uniform application of the removal statute is defeated by dependence upon the fortuitous nature of a state's third-party practice

rules, *see Coleman, supra* at 236, especially since the statutory language does not limit § 1441(c) to causes of action joined by the original plaintiff. *Carl Heck Engineers, supra* at 136. If the particular state did not permit defendants to join third parties, these courts note, the new party might have been sued as an ordinary defendant whose right to remove would be unquestionable. Thus a litigant's right to a federal forum is unfairly impaired by procedures made possible by local law. *See Wayrynen Funeral Home, supra* at 806.

Whatever the merit of these propositions, they clearly do not support removal of the entire instant action. Such drastic action would solve Codman & Shurtleff's problem of being forced to defend a diverse claim in state court by overriding the Luebbes' right to press their non-federal causes in state court. *See Burlingham, Underwood, Barron, Wright & White, supra* at 548; Wright, Miller & Cooper, *supra* § 3724 at 646. Such a departure from the normal policy of honoring a plaintiff's choice of forum would be particularly egregious here since it is now apparent that plaintiffs will amend their complaint to assert claims against Codman & Shurtleff and that those claims, given the lack of complete diversity among the defendants, would not be removable to federal court. To avoid this absurd "tail wagging the dog" phenomenon, virtually every court which has allowed third-party removal has invoked its discretion to remand the underlying claims. *Coleman, supra* at 236; *see Carl Heck Engineers, supra* at 136; *Wayrynen Funeral Home, supra* at 806.

The remaining question is whether to permit removal of solely Michelsen's product liability action against Codman & Shurtleff. As to the scope of § 1441(c), the better reasoned position is one which limits removal to claims brought by the original plaintiff. The judges and commentators opting for this result have recognized correctly that the federal judicial power would be strained by the opposing interpretation.

---

1. Defendant and third-party plaintiff Michelsen also argues that removal is improper under 28 U.S.C. § 1441(a), a proposition apparently accepted by Codman & Shurtleff given their exclusive reliance upon 1441(c) in their opposition to the motion to remand.

See, e. g., Burlingham, Underwood, Barron, Wright & White, supra at 547; ' Lowe's of Montgomery, supra at 1013; Greater New York Mutual Insurance Company v. Anchor Construction Co., Inc., 326 F.Supp. 245, 248 (E.D.Pa.1971) ("Clearly ... the removal statute must be strictly and narrowly construed to effectuate the salutory policy of restricting the Federal removal jurisdiction"). Given the fact that the removal statute is to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–9, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), the balance lies in favor of curtailing the access to federal courts of controversies which do not have an independent basis for federal jurisdiction. Burlingham, Underwood, Barron, Wright & White, supra at 547.

Finally, even if § 1441(c) was deemed applicable to third-party attempts to remove, Michelsen's claim against Codman & Shurtleff is not separate and independent from plaintiffs' underlying malpractice cause of action. The action against the manufacturer raises some issues not involved in the original malpractice lawsuit insofar as the design and creation of the surgical instrument would not have been relevant before the third-party complaint was filed. But, detailed evidence about the surgical procedure performed on plaintiff will necessarily lie at the core of both issues. It is the reactions and competence of the doctors, the hospital and the tool in that situation that will determine liability. There is only one injury here; the third-party dispute merely adds another possible cause to the issues to be tried and seeks to shift the responsibility for any damage done. Furthermore, it is hard to ignore the fact that Codman & Shurtleff will apparently be sued directly by plaintiffs within the original action. This circumstance renders separate actions even more duplicative of each other. Given the significant commonalities in the two causes, dual treatment would defeat the sound policy of Rule 1, F.R.Civ.P., to secure the speedy and inexpensive determination of lawsuits, see Greater New York Mutual Insurance Company, supra at 249, and jeopardize the consistency and uniformity of result required for just resolution of litigation.

For the foregoing reasons, the motion to remand is granted.

IT IS SO ORDERED.