**Donald ELSIS, Plaintiff,**

**v.**

**The HERTZ CORPORATION, Defendant.**

**The HERTZ CORPORATION, Third-Party Plaintiff,**

**v.**

**TOYOTA LIMITED and Southeast Toyota Distributors, Inc., and Toyota of Hollywood, Inc., Third-Party Defendants.**

**The HERTZ CORPORATION, Second Third-Party Plaintiff,**

**v.**

**TOYOTA CORPORATION and Toyota Motor Sales, U.S.A., Second Third-Party Defendants.**

Nos. CV83–3854, [CV83–3860]

United States District Court, E.D. New York.

March 5, 1984.

---

Charles J. Barnett, Garden City, N.Y., for plaintiff.

Curtis, Hart & Zaklukiewicz, Merrick, N.Y., for defendant and third-party plaintiff The Hertz Corporation.

Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for second third-party defendants Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation.

O'Hagen, Reilly & Gorman, Islip, N.Y., for third-party defendants Toyota of Hollywood, Inc. and Southeast Toyota Distributors, Inc.; Alio & Leahy, Melville, N.Y., of counsel.

MEMORANDUM AND ORDER

WEXLER, District Judge.

On September 29, 1976, plaintiff Donald Elsis was driving a 1976 Toyota automobile rented from defendant Hertz Corporation (Hertz) when he collided with a tree. This was a one-car accident allegedly caused by a steering system malfunction or failure. On June 2, 1977 plaintiff instituted an action against Hertz in New York Supreme Court for Nassau County for personal injuries suffered in that accident. In 1983 Hertz instituted third-party actions against Toyota Limited, Southeast Toyota Distributors, Inc. and Toyota of Hollywood, Inc. (first third-party defendants) and Toyota Corporation and Toyota Motor Sales, U.S.A. (second third-party defendants). On August 29, 1983, the second third party-defendant Toyota Motor Corporation (Toyota Motor) petitioned to remove the entire action to this Court[1] pursuant to 28 U.S.C. Section 1441. The basis for original jurisdiction in this court was alleged to be diversity of citizenship between Hertz, a Delaware corporation, and Toyota Motors, which is incorporated under the laws of Japan. 28 U.S.C. Section 1332(a)(3) and (c).

Plaintiff and Hertz now move for remand of the entire action to state court. They assert that there is no diversity of citizenship between plaintiff and defendant and that diversity of citizenship between plaintiff and third-party defendants or Hertz and third-party defendants is not an adequate basis for subject matter jurisdiction in this Court. Second third-party defendant Toyota Motor counters that the third-party action against it is a "separate and independent claim" which, paired with diversity of citizenship betweeen Hertz and Toyota, is properly removed under 28 U.S.C. Section 1441(c). Therefore, according to Toyota Motor, the Court should retain subject matter jurisdiction over the entire matter or sever the original action, remanding it to state court, and retain the third-party action.

Finally, Hertz moves for imposition of costs and attorneys' fees pursuant to 28 U.S.C. Section 1447(c) for the improper removal of the matter to this court. Hertz also moves for "vacature" of Toyota Motor's notices of discovery and interrogatories pursuant to Rule 26, Fed.R.Civ.P. as improper, abusive and harassing. The Court would cast this as a motion for a protective order pursuant to Rule 26(c), Fed.R.Civ.P.

I.

Section 1441 of Title 28 states the basis for removal of an action to federal district court by a defendant. In pertinent part it provides:

(a) ... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant or defendants....

(b) [any action not founded on a federal or constitutional question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Court first discusses generally the issue of removal of the original action between plaintiff and Hertz. It is clear that under Section 1441 absent a federal question there must be diversity of citizenship between plaintiff and defendant, *Macaluso v. Mondadori Publishing Co.*, 527 F.Supp. 1017 (E.D.N.Y.1981), defendant's citizenship must be in a state other than where the action is brought, and all

---

**1.** Two identical petitions for removal were filed in the name of Toyota Motor Corporation within an hour of each other on September 1, 1983. The first petition, Docket No. CV 83–3854, was signed by Morton H. Feder as a member of the firm of Bases, Russo, Lawrence, Ciovacco, Walsh & Feder, P.C. The second, Docket No. CV 83–3860, was signed by someone denoted only as a member of the firm of Bases, Russo, Lawrence, Ciovacco, Walsh & Feder, P.C. Thereafter, the Court was notified that Mr. Feder was no longer associated with that firm. Subsequently, Toyota Motor designated the firm of Rivkin, Leff, Sherman & Radler, Esqs. as its representative. Apparently, Mr. Feder is now associated with this firm. This action has been pursued under Docket No. CV 83–3854 and the other docketed action apparently abandoned.

defendants must join in the petition for removal, *Bradford v. Harding*, 284 F.2d 307 (2d Cir.1960). Plaintiff Elsis is a citizen of New York and Hertz is a Delaware corporation with its principal place of business in New York, hence a citizen of both states under 28 U.S.C. Section 1332(c). Thus, the controversy between Hertz and Donald Elsis cannot be removed independently to federal court, as there is no diversity of citizenship, Hertz is a citizen of New York, and Hertz does not ask for removal. Finally, it appears settled that a third-party defendant is not a "defendant" for purposes of removal pursuant to Section 1441(a). *E.g., Knight v. Hellenic Lines, Ltd.*, 543 F.Supp. 915 (E.D.N.Y.1982). Therefore, Toyota Motor cannot properly petition under Section 1441(a) for removal of the original action.

## II.

Section 1441(c) provides an alternate basis for removal. In pertinent part it declares:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Relying on this section Toyota Motor argues that the third-party action between it and Hertz is a separate and independent cause of action over which this Court has original jurisdiction based on diversity of citizenship. Accordingly, Toyota Motor contends this Court should retain the entire action for determination or retain the Hertz-Toyota Motor third-party action and remand the remaining controversies to state court.

In positing the argument of an independent and separate third-party cause of action Toyota Motor has misapprehended the meaning under the statute of a "separate and independent claim." The Supreme Court definitively construed that pivotal phrase of Section 1441(c) in *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Noting at the outset that Congress intended to restrict removal in its 1948 revision of the section, the Court declared that a merely separable controversy is not an adequate ground for removal under the section. 341 U.S. at 11, 71 S.Ct. at 538. For removal under Section 1441(c) the controversy must be a separate and independent claim or action. Moreover, the Court chose a narrow interpretation of "separate and independent", requiring clear disassociation between the claim to be removed under Section 1441(c) and any otherwise unremovable claim. 431 U.S. at 12, 71 S.Ct. at 539. It concluded that claims arising from a single wrong or single invasion of a right are not separate and independent causes of action. Likewise, the Court declared that where a single cause of action stems from facts that are complex, from an interlocked series of transactions, or where liability lies among several parties, there are no separate and independent claims within the meaning of Section 1441(c). 341 U.S. at 13–14, 71 S.Ct. at 539–540.

In the instant case the plaintiff's cause of action arises from injuries suffered in the collision of his rented automobile. The issues for trial are the cause of the accident and where liability lies among the parties. Contrary to Toyota Motor's reasoning, the standard for Section 1441(c) removal is a federal one and not determined by rights and obligations defined by New York law. *American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. 843, 848 (S.D.N.Y.1983). Accordingly, under the Supreme Court's reasoning in *American Fire and Casualty* the question of the third parties' liability to Hertz for damages or indemnification is not a claim separate and independent from the original action. To support removal under Section 1441(c) there must be a strong disassociation between the claim addressed in federal proceedings and the claim properly remanded to state court.

Clearly that disassociation is not present here, where the action arises from a single car accident. Whether the facts in this case are viewed as an interlocked series of transactions leading to the single injury to plaintiff or a matter of deciding liability among several parties, the third-party claims cannot be addressed apart from the claims in the original suit. All the claims substantially derive from the same facts, and the matter of allocating liability, even if legal theories of liability vary among the parties, is not adequate ground for removal. *American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. at 850. This Court declines to make artificial distinctions in order to find the third-party action a separate and independent cause of action. A plain and narrow reading of the statute leads this Court to conclude that the third-party claim against Toyota Motor is not a separate and independent cause of action and will not sustain removal pursuant to 28 U.S.C. Section 1441(c).

■ Finally, a narrow interpretation of the section and the underlying congressional policy persuade this Court that even if the third-party claims were an independent and separate cause of action, a third-party defendant does not have a right to remove under the section. *E.g., Knight v. Hellenic Lines, Ltd.*, 543 F.Supp. 915, 917–918 (E.D. N.Y.1982); *Luebbe v. Presbyterian Hospital in the City of New York*, 526 F.Supp. 1162, 1164 (S.D.N.Y.1981).

### III.

■ The Court concludes that it lacks subject matter jurisdiction over the original action between plaintiff Elsis and defendant Hertz, and that third-party defendant Toyota Motor is not a "defendant" empowered to remove pursuant to 28 U.S.C. Section 1441(a). Furthermore, the third-party claims are not a separate and independent action that can be removed pursuant to 28 U.S.C. Section 1441(c). It is also very doubtful that Section 1441(c) gives a right of removal to a third-party defendant. Therefore, this case is improperly removed to this Court. Consequently, as the Court lacks subject matter jurisdiction in this case it cannot decide the motion for a protective order pursuant to Rule 26(c), Fed.R. Civ.P., regarding interrogatories served by Toyota Motor.

■ Section 1447(c) of Title 28 allows the Court in its discretion to order the payment of just costs where "the case was removed improvidently . and without jurisdiction." The Court finds that the eve of trial removal served to delay timely litigation of this matter. Furthermore, jurisdiction in this Court was poorly premised and was asserted by Toyota Motor alone over the objection of the defendant Hertz and silence of the other third-party defendants. In view of these circumstances the Court awards to plaintiff Elsis and defendant Hertz the amount of $250.00 each for costs and reasonable attorney's fees incurred by bringing the motion to remand.

Accordingly, plaintiff's and defendant's motion for remand of the entire action to the Supreme Court of the State of New York, County of Nassau, is granted pursuant to 28 U.S.C. Section 1447(c). It is hereby

ORDERED, that this action be remanded to state court pursuant to 28 U.S.C. Section 1447(c), and it is further

ORDERED, that the Clerk of the Court shall mail a certified copy of the order of remand to the Supreme Court of the State of New York, County of Nassau, and it is further

ORDERED, that the third-party defendant Toyota Motor Corporation pay plaintiff Donald Elsis and defendant and third-party plaintiff Hertz Corporation costs and reasonable attorney's fees incurred by bringing their motion to remand in the amount of $250.00 each.

SO ORDERED.