**Kyle CRAWFORD, an infant by his mother and natural guardian, Romaine CRAWFORD, Plaintiffs,**

**v.**

**HOSPITAL OF the ALBERT EINSTEIN COLLEGE OF MEDICINE, Irwin H. Kaiser and Samuel G. Oberlander, Defendants.**

**And a Third and Fourth Party Action.**

**ARGONAUT INSURANCE COMPANY, Plaintiff,**

**v.**

**YESHIVA UNIVERSITY, Hospital of the Albert Einstein College of Medicine, Irwin H. Kaiser, M.D., Samuel G. Oberlander, M.D., and Kyle Crawford, an infant, by his mother and natural guardian, Romaine Crawford, Defendants.**

Nos. 86 Civ. 8318(MP), 86 Civ. 7639(MP).

United States District Court, S.D. New York.

Nov. 12, 1986.

Siff, Newman, Rosen & Parker, New York City by Ignatius John Melito, Gerald T. Ford, for Yeshiva University.

Lebouf, Lamb, Leiby & Mac Rae, New York City by Michael A. Ellenberg, Ellen August, for Argonaut Ins. Co.

Bower & Gardner, New York City by Sidney Rosen, for Einstein and Oberlander.

Louis Raybin, New York City, for Irwin H. Kaiser.

Morris J. Eisen, Joseph Napoli, New York City by Roy F. Scaffidi, Arthur Luxenberg, for Crawfords.

## OPINION

MILTON POLLACK, Senior District Judge.

Three motions are before the court. The first is a motion to remand an action commenced in state court and removed here by fourth-party defendant Argonaut Insurance Company ("Argonaut"). The second motion requests dismissal of a diversity suit by which Argonaut seeks a declaratory judgment in federal court; that suit mirrors the fourth-party claim in the state court seeking the same relief. The third motion seeks to vacate or regulate the notice of discovery in the federal suit. For the reasons set forth below, the first motion will be granted; the second will be denied; and the third will be granted to the extent to be indicated.

### Background

In 1982 plaintiffs Kyle and Romaine Crawford brought a medical malpractice action in The Supreme Court of New York, Bronx County, against The Hospital of Albert Einstein College of Medicine ("The Hospital"), Dr. Irwin H. Kaiser, and Dr. Samuel G. Oberlander. Argonaut Insurance Company ("Argonaut") appeared by its counsel for defendant Dr. Kaiser pursuant to an insurance policy carried by Yeshi-

va University covering its employees; Dr. Kaiser is a full-time faculty member.

On September 4, 1986, on the verge of trial of the state court case, defendants The Hospital and Dr. Oberlander served a third-party complaint naming Yeshiva University as a third party-defendant in the action. The claim alleged that when he treated plaintiff, Dr. Kaiser was acting within the scope of his employment as an employee of Yeshiva, and that Yeshiva should indemnify or contribute to the other defendants in the event of an adverse judgment.

Yeshiva countered by demanding that Argonaut take over its defense and indemnify Yeshiva on the third-party claim. When Argonaut demurred, Yeshiva served Argonaut with a fourth-party claim seeking a declaratory judgment that it was covered by its insurance policy. Yeshiva contended that it was, apart from the coverage of Dr. Kaiser, entitled to coverage and defense by Argonaut to the limits of the policy, separately and apart from the Argonaut indemnification and defense of Dr. Kaiser. Argonaut, however, believes that this would improperly expose it to a doubling of the policy limits. Incidentally, even if the fourth-party claim were not remanded, Argonaut and its policy would remain subject to the state court action, representing Dr. Kaiser.

Argonaut sought to head off and bifurcate the claims against it upon being apprised of Yeshiva's request of defense and indemnity on the third-party claim, by a hasty removal on October 29, 1986 of the state court case to this court on the ground of diversity of citizenship between it and Yeshiva, the fourth party plaintiff.

Argonaut claims as support for the removal that the fourth-party claim represents a "separate and independent" action between it and Yeshiva. The larger lawsuit in which the Argonaut-Yeshiva dispute incidentally arises has no independent basis of federal jurisdiction and is otherwise non-removable. Yeshiva and all other parties now move to remand the case, in whole or in part, to Supreme Court, Bronx County pursuant to 28 U.S.C. § 1441(c). Argonaut opposes the remand motion.

The procedural posture of this dispute became further complicated when Argonaut, fully apprised of Yeshiva's intent to file a declaratory judgment claim in the state case, nevertheless commenced a parallel federal declaratory judgment action on October 6, 1986 (86 Civ. 7639). Yeshiva now moves this court to dismiss or defer the federal action.

### THE MOTION TO REMAND 86 CIV. 8318 (MP)

The initial question presented is whether this case was properly removed from the state court by Argonaut, a fourth-party defendant. Section 1441(c) of the removal statute provides:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c)

A. *Removal By Third-Party and Cross-Claim Defendants Under Section 1441(c)*

Whether third-party or cross-claim defendants may ever remove a claim under § 1441(c) is a question that neither Congress nor the Supreme Court has yet answered. *See* 14A Wright, Miller, & Cooper, *Federal Practice and Procedure* § 3724 at 388–389 (1985). The majority rule in courts across the country is that a third-party defendant or a cross-claim defendant is not entitled to remove under § 1441(c). *Id.* Although most district courts have flatly rejected attempts by third-party defendants to remove, *see Kilian v. Union L.P. Gas Sys., Inc.,* 568 F.Supp. 679, 680 (W.D.Mo. 1983); *Morris v. Marshall County Bd. of Educ.,* 560 F.Supp. 43 (N.D.W.Va.1983); *Friddle v. Hardee's Food System, Inc.,* 534

F.Supp. 148 (W.D.Ark.1981), the Circuits have exhibited some disagreement. *Compare Thomas v. Shelton*, 740 F.2d 478, 487–488 (7th Cir.1984) (third-party defendant cannot remove under § 1441(c), if not in all cases, surely the "broad run"); *Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury*, 622 F.2d 133, 135–136 (5th Cir.1980) (third-party defendant removal permitted under § 1441(c)). The Court of Appeals for the Second Circuit has not ruled on whether a third-party defendant may ever remove pursuant to § 1441(c).

Courts holding that cross-claim defendants may never remove under § 1441(c) have reasoned that third-party and cross-claim defendants are not "defendants" under the removal statute. *See* 28 U.S.C. § 1441(a). Removal under section 1441(c) has been limited to those defendants joined by the plaintiff in order to adhere to the Supreme Court's admonition that the removal statute be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). This position recognizes that the removal statute does not expressly provide for removal by third and fourth-party defendants, and must be read narrowly so as not to expand federal jurisdiction beyond the parameters established by Congress. *See* 1A Moore's Federal Practice ¶ 0.167[10] at 513–514. Moreover, allowing third-party litigants to fragment a case by slicing off a portion and removing it prevents a coherent, efficient disposition in the state court. These arguments apply with equal if not greater force to fourth-party defendants, since they too are introduced to the litigation after its commencement, are not named in the plaintiff's complaint, and are only one small corner of a larger universe of dispute.

Courts in the Southern District consistently adhere to the majority position that third-party defendants have no right to remove claims under § 1441(c), even if they are separate and independent. "[T]he joinder of claims to which § 1441(c) refers is solely the joinder in the complaint by the *plaintiff.* The principle is that if a plaintiff has not joined a 'separate and independ-

ent claim' *by him* which is removable, then no defendant in any cross-claim thereafter filed has any right of removal." *Verschell v. Fireman's Fund Insurance Co.*, 257 F.Supp. 153 (S.D.N.Y.1966) (emphasis in original); *see also Burlingham, Underwood, Barron, Wright, & White v. Luckenbach Steamship Co.*, 208 F.Supp. 544 (S.D.N.Y.1962) (third-party defendant cannot remove under § 1441(c)).

Cases in this district since *Verschell* uniformly prohibit removal by third-party defendants. *See Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162, 1164 (S.D.N.Y. 1981). In *Luebbe* Judge Carter read the statute narrowly, as required by the Supreme Court, and held that § 1441(c) "is applicable only to claims asserted by the original plaintiff, thus excluding by definition any removal by a third-party defendant." *Luebbe*, 526 F.Supp. at 1164. Fourth-party defendants are by definition also excluded from § 1441(c) removal under this interpretation.

Other District Courts in the Second Circuit prohibit third party defendants from removing. Interpreting § 1441(c), Judge Wexler recently held that "a third-party defendant does not have a right to remove under this section." *Elsis v. Hertz Corp.*, 581 F.Supp. 604, 608 (E.D.N.Y.1984). And Judge Neaher reached the identical conclusion in *Knight v. Hellenic Lines, Ltd.*, 543 F.Supp 915 (E.D.N.Y.1982).

■ This court is not inclined to contravene every decided case of the district courts of this circuit and allow a fourth-party defendant to remove under § 1441(c). To do so would require an expansion of the statutory language beyond that expressed by Congress. This brand of statutory interpretation is misplaced, especially in the context of the removal statute. Admittedly, the national disuniformity resulting from permitting removal only by defendants joined in the plaintiff's complaint provides some tension. However, this tension is preferable to shattering the coherence of cases and expanding the jurisdiction of this court beyond that expressed by Congress.

## B. The Presence of a Separate and Independent Claim.

Even if this court were to adopt the position of the Fifth Circuit, and allow removal by cross-claim defendants under § 1441(c), the fourth-party action here is not sufficiently separate and independent from the main claim to justify its extraction.

*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) is the definitive case regarding when a claim is so "separate and independent" that it may be removed. In *Finn* the Court significantly limited the category of removable claims that are "separate and independent" under § 1441(c). Remanding that case, the Court demanded "a more complete disassociation betweeen the federally cognizable proceedings and those cognizable only in state courts." *Finn*, 341 U.S. at 12, 71 S.Ct. at 539. "[W]here there is a single wrong to plaintiff ... arising from an interlocked series of transactions, there is no separate or independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.

▬ To be removable under § 1441(c) a claim must be significantly unrelated and disassociated from the main case. When a claim arises out of the same transaction and occurrence as the main claim, it is not "separate and independent." Several cases are instructive.

Like this case, *Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162 (S.D.N.Y.1981) was a medical malpractice case where the plaintiff joined two doctors and a hospital as defendants. One of the doctors asserted a third-party action against the manufacturer of a surgical instrument used in the operation. The manufacturer removed the case under § 1441(c) arguing that the claim against it was separate and independent. Although the action against the manufacturer raised new issues including the proper design and manufacture of the tool, the court concluded that the action was not separate and independent. "There is only one injury here, the third-party dispute merely adds another possible cause to the issues to be tried, and seeks to shift the responsibility for any damage done." *Luebbe*, 526 F.Supp. at 1165.

In *Elsis v. Hertz Corp.*, 581 F.Supp. 604 (E.D.N.Y.1984) a rental car driver sued Hertz in state court for personal injuries suffered when the car went out of control. Hertz instituted a third-party action against Toyota, which removed under § 1441(c) based on diversity. The case was remanded with the court holding that the third-party claim was not separate and independent, as there was no "clear disassociation" between the claim to be removed and the underlying non-removable case. Following *Finn* the court concluded that "claims arising from a single wrong or single invasion of a right are not separate and independent causes of action.... [W]here a single cause of action stems from facts that are complex, form an interlocked series of transactions, or where liability lies among several parties, there are no separate and independent claims within the meaning of section 1441(c)." *Elsis*, 581 F.Supp. at 607 (citations omitted).

The fourth-party claim by Yeshiva is not a separate and independent claim under *Finn*. The fourth-party dispute can be traced back to a single wrong, and arises out of the same transaction and occurence to be litigated in the main claim: the alleged negligent treatment of plaintiff Crawford. Thus, resolution of Argonaut's obligations rests not merely on a declaration of rights under the policy but depends principally on the same nucleus of operative facts to be introduced in the main and third-party claims. For example, a predicate for liability on behalf of Argonaut is a finding of negligent medical treatment and the application of the doctrine of *respondeat superior*. The main malpractice action and third-party claims will focus on these issues, including the alleged negligence of Dr. Kaiser and whether actions undertaken were in the scope of his employment by Yeshiva.

▬ Argonaut maintains that a declaration of rights under the policy can be adju-

848

dicated without regard to the outcome of the main and third-party actions. While this may be true, it misses the point. Conceivably, the third-party claims in *Luebbe* and *Elsis* could have been resolved apart from the merits of the main claim but were not because in each case the cross-claim was only one part of a larger related claim. Here, the scope of the policy is just *one element* in the complex question of liability for the alleged negligent treatment of plaintiff, and the apportionment among several parties including Argonaut of any damages resulting from that alleged negligence. Where a disputed issue is but one part of an interlocked set of transactions and a question of liability among parties arises from a single wrong there is no separate and independent claim. *Finn*, 341 U.S. at 14, 71 S.Ct. at 540; *Elsis*, 581 F.Supp. at 607.

That the fourth-party action is a contract claim while the underlying malpractice suit sounds in tort does not make the claim separate and independent under § 1441(c). "*Finn* reads 'separate and independent claim or cause of action' as a reference not to the variety of legal theories advanced but to the underlying occurrence or occurrences giving rise to the litigation." *Gardner & Florence Call Cowles Foundation v. Empire Inc.*, 754 F.2d 478, 481 (2d Cir. 1985).

■ The removal statute was not designed to furnish a fourth-party defendant with the right to pluck claims from coherent state court cases and deposit them in federal court. The essence of *Finn* is that a claim must be decidedly distinct and unrelated to the main action to justify its removal under § 1441(c). This attempt by a fourth-party defendant to slice off a piece of the pie illustrates one reason why the *Finn* policy remains vital. The state court has before it all the litigating parties and issues necessary to reach a coherent disposition of the related claims in this case. Many of the same questions essential to a declaration of Argonaut's obligations will be tried and decided in the main claim and the third-party claim. Requiring identical

predicates to be established twice would be inefficient, time consuming, and dilatory. The interlocking set of transactions bearing on liability, apportionment, and indemnification should be tried together in one set of comprehensive proceedings. The removed action, here 86 Civ. 8313 (MP), is hereby remanded totally to the state court from whence it came, with costs.

## THE MOTION TO DISMISS OR DEFER 86 CIV. 7639 (MP)

■ A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in "exceptional circumstances." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818–819, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" because the federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Id.* at 817, 96 S.Ct. at 1246.

■ However, in exceptional circumstances a district court may defer or refuse jurisdiction based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive dispostion of litigation." *Moses H. Cone v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1982). There are no "hard and fast rules" regarding dismissal or deferral of parallel cases, essentially six factors must be balanced: (1) the assumption by either court of jurisdiction over any *res* or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; (6) whether the state court will adequately protect the rights of the party seeking to invoke federal jurisdiction. *Moses H. Cone Hospital*, 460 U.S. at 15, 23–27, 103 S.Ct. at 936, 941–43; *Bethlehem Contracting Company v. Lehrer Mc-*

*Govern Inc.,* 800 F.2d 325, 327 (2d Cir. 1986).

Key factors militating against exercising jurisdiction in this case are the desire to avoid fragmented piecemeal litigation, the order and depth which the courts became involved in this case, and the fact that state law governs.

The complex medical malpractice action involves five defendants joined in state court who potentially share liability to plaintiff. The federal claim includes only two of those defendants in a declaratory judgment action regarding their potential liability. Separate adjudication of the various subsidiary disputes in this case could lead to confusion, a waste of judicial resources, and frustration of expeditiously resolving plaintiff's claim. Moreover, considerations of wise judicial administration balance against the use of the federal forum to initiate declaratory judgment actions stemming from state court cases where the same parties and issues are present. The declaratory judgment statute may not be used to shatter the coherence of already pending cases. "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 494–95, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942).

Nor is it controlling that the federal declaratory judgment action may have been filed prior to the state declaratory judgment action. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Bethlehem Contracting Company, supra* at 328. The state court has invested significantly more judicial resources in this case. Numerous conferences have been held with the presiding judge in the state court. A jury had been selected, and the trial was to start in Su-preme Court, Bronx County on October 30, 1986.

■ Although substantial inefficiency may result if the parallel federal action goes forward, this court acknowledges its "virtually unflagging obligation" to exercise its powers when confronted with a justiciable controversy within its jurisdiction. *See Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. Upon a balancing of the relevant factors this is a close case, but because *"the balance [is] heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone, supra,* 460 U.S. at 16, 103, S.Ct. at 937 (emphasis in original), the motion to dismiss or defer 86 Civ. 7639 is denied. Of course this disposition has no effect upon the parallel declaratory judgment action in the state court, which may proceed.

## THE MOTION TO STAY DISCOVERY IN 86 CIV. 7639 (MP)

■ Initiating discovery administered by this court at this time would be wasteful and inefficient. Permitting Argonaut to forge ahead with simultaneous and duplicative establishment of facts where the same parties and same issues are being discovered elsewhere wastes the resources of the parties and the court. Moreover, the discovery to be had is not urgent, and is probably entirely superfluous in these circumstances. Argonaut has presented no legitimate reason for any haste or priority.

Argonaut's reliance on *Investment Properties International Ltd. v. IOS, Ltd.,* 459 F.2d 705, 708 (2d Cir.1972) for the proposition that this court is compelled to permit discovery is inapposite. In that case the plaintiff had absolutely no access to facts or information regarding jurisdictional contacts essential to maintaining its case, therefore prompt discovery was essential. Here, Argonaut already has access to discover the full range of facts.

Therefore, the motion to stay discovery is granted to the extent of suspending temporarily the date of depositions pending resolution of the state court suit which is on the calendar for immediate trial. This

**850**

disposition is without prejudice to renewal of the application for current discovery, for good cause shown.

SO ORDERED.