**Larry MARSHAK, Plaintiff,**

v.

**Rick SHEPPARD, Mike Vogel, and A.S.V., Inc., Defendants.**

**No. 86 Civ. 9960 (MP).**

United States District Court, S.D. New York.

May 11, 1987.

Marcus & Marcus, New York City by Clark A. Marcus and Kathy N. Rosenthal, for plaintiff.

Joseph E. Zynczak, P.C., New York City by Christopher R. Whent, for defendants.

## OPINION

MILTON POLLACK, Senior District Judge.

Defendant Rick Sheppard has applied for a stay of this action. The ground of the application is that there is a prior action pending between him and plaintiff in New York State court "for the same cause of action."

## BACKGROUND

Plaintiff Larry Marshak is the manager of a performing group known as "The Drifters." He claims to be the owner of a federally registered trademark for vocal and instrumental music rendered by the group and for the goodwill associated with the name "The Drifters." Marshak claims that the defendants have wrongfully exploited the name "The Drifters" in that defendants have used that name to promote, advertise, and sell their own entertainment services, without authorization by plaintiff.

Marshak filed this suit on December 31, 1986. In his Amended Complaint, plaintiff makes three claims: for infringement of plaintiff's trademark in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116–1118, 1125(a); for unfair competition; and for infringement under state law. Plaintiff makes several requests for declaratory and injunctive relief, plus damages. Plaintiff requests a decree of this Court that defendants have infringed upon his trademark, and that they have falsely promoted their entertainment services. Plaintiff further requests that this Court permanently enjoin defendants and their associates from using the name "The Drifters" or similar words to promote their own services. Lastly, plaintiff asks for treble damages and costs.

In the Amended Answer to the Amended Complaint, Sheppard admits that he is engaged in the live entertainment industry as a performer in a group called "Rick Sheppard and the Drifters." In that pleading, Sheppard interposes several affirmative defenses to the allegations of Marshak. Sheppard claims that plaintiff's trademark is invalid in that it was first obtained under false pretenses and then granted "incontestability" status pursuant to 15 U.S.C. § 1065 under further false pretenses. Sheppard asserts the defense of laches in that he has allegedly used the name "Rick Sheppard and the Drifters" openly and continuously for over ten years.

Lastly, defendant asserts that plaintiff, with another, filed two suits against Sheppard and another in New York State court, in 1975 and 1978, over essentially the same subject matter. Defendant asserts that plaintiff has failed to prosecute these cases and should therefore be deemed to have acquiesced to Sheppard's use of the name "The Drifters."

Sheppard has asserted eight counterclaims against Marshak. Briefly, these allege violations of antitrust and trademark law, unfair competition, malicious prosecution, defamation, inducement to breach of contract, and interference with business relationships.

## THE MOTION FOR A STAY

Sheppard asserts that "a federal court should stay or dismiss proceedings if a state court action between the parties on common issues was commenced first and is still pending." For this proposition, defendant cites several older cases where a federal court stayed or dismissed a federal action in favor of a parallel state court action. *See Mottolese v. Kaufman*, 176 F.2d 301, 303 (2d Cir.1949); *P. Beirsdorf and Co. v. McGohey*, 187 F.2d 14 (2d Cir. 1951); *see also Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820 (9th Cir.1963). Defendant, however, ignores more recent authority from the Supreme Court and the Second Circuit which governs the issue to be decided upon this motion.

A federal court's decision on whether to abstain from exercising jurisdiction over a case before it, when there is a pending state case addressing the same issues, is committed to the discretion of the district court. *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983); *Bethlehem Contracting Co. v.*

*Lehrer/McGovern Inc.*, 800 F.2d 325, 327 (2d Cir.1986). The abstention doctrine is generally confined to three narrow categories. Briefly, these are: 1) where a federal constitutional claim might be mooted by the parallel state court decision on a state law issue; 2) where a federal court's decision of a difficult state law issue of substantial public import might disrupt a state's attempt to establish coherent policy; and 3) where federal jurisdiction has been invoked to restrain state criminal or tax proceedings. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–17, 96 S.Ct. 1236, 1244–1246, 47 L.Ed.2d 483 (1976); *Telesco v. Telesco Fuel and Masons' Materials Inc.*, 765 F.2d 356, 360–61 (2d Cir.1985).

Beyond these categories, a federal court may abstain from exercising jurisdiction in a case properly before it only in "exceptional circumstances." The Supreme Court has emphasized, both in *Colorado River* and *Cone*, that a federal court has a "virtually unflagging obligation" to exercise the jurisdiction given it. While declining to prescribe hard and fast rules for deciding when a case fits within the exceptional circumstances warranting abstention, the Court has identified a number of factors to be considered by a federal court considering abstention in favor of a parallel state court action.

> "Essentially, six factors must be balanced: (1) the assumption by either court of jurisdiction over any *res* or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; (6) whether the state court will adequately protect the rights of the party seeking to invoke federal jurisdiction."

*Crawford v. Hospital of Albert Einstein College of Medicine*, 647 F.Supp. 843, 848 (S.D.N.Y.1986); *see Cone*, 460 U.S. at 15, 23–27, 103 S.Ct. at 936, 941–943; *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246; *Bethlehem*, 800 F.2d at 327 (applying same six factors).

The Supreme Court has counseled that "the decision whether to dismiss a federal action because of a parallel state-court action [rests] on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Cone*, 460 U.S. at 16, 103 S.Ct. at 937. Here, defendant has moved for a stay rather than a dismissal. However, the same analysis is applicable to a motion for a stay. *Cone*, 460 U.S. at 27–28, 103 S.Ct. at 943 ("a stay is as much a refusal to exercise federal jurisdiction as a dismissal.").

Applying the *Colorado River-Cone* analysis to the instant case, factors one and two are irrelevant. This case does not involve the assumption of jurisdiction by either federal or state court over any property. Neither can one forum be said to be more convenient than the other; the state and federal courts stand side by side on the same street in lower Manhattan.

The next two factors, for the purposes of this case, should be considered in tandem. Factor three is the Court's interest in avoiding piecemeal litigation. The next factor is which court first obtained jurisdiction. The two state court actions brought by plaintiff are thirteen and ten years old, respectively. This would, at first glance, appear to argue for federal abstention in favor of the earlier filed state court actions.

However, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Cone*, 460 U.S. at 21, 103 S.Ct. at 940. Here, there has been no discovery in either state court case. In fact, the 1978 case has literally lain dormant for nine years and was believed by plaintiff to have been discontinued. In contrast, there have been two pretrial conferences in the federal case. This Court has issued several rulings on discovery issues. A discovery cut-off was set for April 30, 1987 and a trial date has been set for June 8, 1987.

Thus, the relative progress of the state and federal suits argues strongly in favor of the federal court, where it appears the

issues in this case will soon be laid to rest, unlike the state suits, where no progress has been made in nearly a decade. Further, because of the dormancy of the state court actions, there appears to be little fear of piecemeal litigation, giving the Court no grounds to abstain for that reason.

Factor five in the analysis also weighs against abstention. This is not a diversity suit, but one based on federal trademark law, under the Lanham Act. While the action does also present state law claims, "the presence of federal-law issues must always be a major consideration weighing against surrender [of federal jurisdiction]," *Cone,* 460 U.S. at 26, 103 S.Ct. at 942.

The last *Colorado River-Cone* factor bears little independent weight in this context. Aside from the dormancy of the state action, there is no reason to believe that plaintiff's rights would not be adequately protected by the state court. But neither is any ground for abstention to be found here.

## CONCLUSION

█ Defendant has a heavy burden to meet in seeking a stay from this Court. The Court's "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction ... rather the task is to ascertain whether there exist 'exceptional' circumstances the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Cone,* 460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in original).

An analysis of the relevant factors, particularly the dormancy of the parallel state actions, reveals no ground whatsoever to upset the "heavily weighted balance" in favor of asserting jurisdiction. Accordingly, defendant's motion for a stay is denied. So Ordered.