754 F.2d 478
 GARDNER AND FLORENCE CALL COWLES FOUNDATION, Minneapolis
Star & Tribune Pension Trust, Princeton Day
School, David Schwartz Foundation,
Scripps Clinic, and Simpson
College, Plaintiffs-Appellants,
v.
EMPIRE INCORPORATED, Allen & Company, Incorporated, Reliance
Insurance Company, S.A. Spencer, H.N. Forman,
Harold M. Wit, and Robert W. Plaster,
Defendants-Appellees.
 No. 468, Docket 84-7674.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 26, 1984.
Decided Feb. 12, 1985.
 
 Aaron M. Fine, Philadelphia, Pa. (Allen D. Black, Edward B. Rock, Fine, Kaplan & Black, Philadelphia, Pa., Lawrence Levine, Cynthia Rollings, Beldock, Levine & Hoffman, New York City, of counsel), for plaintiffs-appellants.
 James Robertson, Washington, D.C. (Richard W. Cass, David M. Becker, Charles E. Davidow, Wilmer, Cutler & Pickering, Washington, D.C., Harvey J. Goldschmid, Werbel, Grossman & McMillin, Blair C. Fensterstock, New York City, of counsel), for defendants-appellees.
 Before FRIENDLY, WINTER and PRATT, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 This appeal is from Judge Knapp's order dismissing the complaint after the instant action had been removed from the New York state courts. The district court held that plaintiffs, holders of convertible debentures issued by a company that had recently gone private in a leveraged buy-out, had failed to state a claim for relief with regard to losses in the value of their conversion rights. Gardner and Florence Call Cowles Foundation v. Empire, Inc., 589 F.Supp. 669 (S.D.N.Y.1984). We are obliged to vacate the judgment and remand to the district court with instructions to remand to the New York state courts because of a lack of subject matter jurisdiction. The complaint does not allege complete diversity between all plaintiffs and all defendants, includes as defendants citizens of New York, see 28 U.S.C. Sec. 1441(b) (1982), and does not state a separate and independent claim for relief as to diverse parties under 28 U.S.C. Sec. 1441(c) (1982). The action was therefore improperly removed.
 
 BACKGROUND
 
 2
 Empire Incorporated is a Missouri corporation with an office in New York City. In June, 1983, an action similar to the present one was brought against Empire in a supreme court of the State of New York by Martin Shubik, a Connecticut resident who owned 140 of Empire's convertible debentures. Also named as defendants were Allen & Co., Inc., Reliance Insurance Co., S.A. Spencer, H.N. Forman, Harold M. Wit, and Robert W. Plaster. We shall hereafter refer to these latter six defendants as the "takeover defendants." The takeover defendants, all of whom were also named in the present action, were the owners of the outstanding stock of Exco Acquisition Corporation, a Delaware corporation that had recently merged into Empire. Robert W. Plaster is the President, Chairman of the Board, and CEO of Empire and a Missouri citizen. Allen & Co. is a New York corporation, Reliance Insurance, a Pennsylvania corporation, and H.N. Forman and Harold M. Wit are citizens of New York.[1]
 
 
 3
 The facts giving rise to this litigation are alleged to be as follows. In January, 1981, Empire issued approximately $25,000,000 in convertible debentures. Because they included a right of conversion, Empire was able to sell the debentures at the then low interest rate of 9%. Under the trust indenture, debentureholders were entitled to exchange $48.75 in the principal amount of debentures for a share of Empire common stock. In January of 1981, prior to the sale of the debentures, there were approximately three million shares of common stock outstanding, which traded as high as $49 per share.
 
 
 4
 In 1983, Exco Acquisition Corporation was formed and issued approximately three million shares of stock which were sold to the takeover defendants for $.01 per share, or $30,000 total. On June 7, 1983, the takeover defendants caused Empire to borrow $100,000,000, secured by Empire's assets. Thereafter, $66,000,000 of the proceeds of the loan were distributed to Empire's common stockholders, who received $22 per share in cash. In addition, Empire created new debentures in the principal amount of $27,000,000 which were also distributed to Empire's common stockholders. Empire's common shares were then cancelled.
 
 
 5
 By merging Exco into Empire, the approximately three million shares of Exco common stock were converted into the sole outstanding common stock of Empire. Notwithstanding the distribution of cash and debt securities to its shareholders and the drastic reduction of the value of the common stock, Empire refused to make any adjustment in the debentures' conversion rate.
 
 
 6
 Empire removed the Shubik action to the District Court for the Southern District of New York. Plaintiff thereupon moved to remand to the state court on the grounds that the action was not removable under Sec. 1441(b) because some of the defendants were citizens of New York, the state in which the action was brought. Judge Pollack denied the motion on the grounds that the complaint stated a separate and independent claim under Sec. 1441(c) by Shubik, the Connecticut citizen, against Empire, the Missouri corporation, for breach of contract. Judge Pollack also dismissed the claims against the takeover defendants because the action was based on a breach of the indenture to which the takeover defendants were not a party and because the terms of the indenture barred recourse against Empire stockholders.
 
 
 7
 Shortly before Judge Pollack's decision, Shubik's counsel filed the instant action in a New York supreme court. Plaintiffs were the Cowles Foundation, the Minneapolis Star & Tribune Pension Trust, the Princeton Day School, the Scripps Clinic, Simpson College, and the David Schwartz Foundation.[2] This complaint, although similar to the complaint filed in the Shubik action, contained more elaborate and detailed allegations that the takeover defendants induced Empire's breach of the trust indenture. The defendants were the takeover defendants and Empire, as in Shubik. Empire again removed the case to the Southern District of New York. Plaintiffs did not move to remand, presumably because Judge Pollack's decision in Shubik, which was rendered one week before Empire filed its petition to remove, was on point with regard to the instant action in which there is apparently diversity between the plaintiffs and Empire. Plaintiffs retained new counsel, who also failed to move for remand. An amended complaint was filed on December 21, 1983.
 
 
 8
 The amended complaint alleges as legal theories: first, that Empire breached its obligation under the trust indenture by refusing to adjust the conversion ratio; second, that Empire breached an implied covenant of good faith under the trust indenture that it would not do anything which would have the effect of destroying or injuring the rights of the debentureholders; third, that the takeover defendants conspired to induce and knowingly and willfully induced Empire's breach of its obligations to the debentureholders, including the implied covenant; fourth, as a result, the defendants hold the Empire stock which they acquired in the merger as constructive trustees for the debentureholders; and fifth, the actions by Empire constitute a default under the Trust Indenture, making the principal of the Debentures due and payable. Plaintiffs individually and as a class sought declaratory relief, an accounting, and punitive damages.
 
 
 9
 Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6) and, alternatively, for summary judgment. On July 5, 1984, the district court dismissed the complaint on the merits in its entirety. Plaintiffs appealed from the dismissal and from the district court's failure to grant summary judgment in their favor as to Count I. After the parties had filed briefs on the merits, we raised the jurisdictional issue sua sponte and requested letter briefs prior to argument.
 
 DISCUSSION
 
 10
 In the instant case, there is not complete diversity between all plaintiffs and defendants and some defendants are citizens of the state in which the action was brought. If federal jurisdiction exists, therefore, it must be based on the grounds that plaintiffs' breach of contract action against Empire is a "separate and independent claim" under Sec. 1441(c). That section provides:
 
 
 11
 [w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
 
 
 12
 28 U.S.C. Sec. 1441(c) (1982).
 
 
 13
 The leading precedent interpreting Sec. 1441(c) is American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In Finn, a Texas plaintiff sought to recover damages for a fire loss on property she believed to have been previously insured. The defendants were two foreign insurance companies and a Texas insurance agent. Plaintiff's theory was that she had done whatever was necessary on her part to procure insurance on the property and that one of the three defendants was liable, albeit she was not in a position to know which one. The Supreme Court held that her action was not removable under Sec. 1441(c) because "where there is a single wrong to plaintiff ... arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540 (footnote omitted).
 
 
 14
 "Most commentators agree that few, if any, diversity cases can be properly removed under Section 1441(c) in light of the construction placed on the statutes by the Finn case." 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3724, p. 629 (1976) (footnote omitted). Whether or not that assessment is accurate in its full breadth, Finn certainly requires a remand in the present case.
 
 
 15
 Plaintiffs allege[3] in sum that their conversion rights became valueless because of Empire's breach of the indenture contract and the takeover defendants' inducement of that breach for their own enrichment. The injury for which relief is sought thus arises from an integrated transaction involving acts by various defendants. Relief is sought under a variety of legal theories, but the factual elements of each theory vary only in marginal detail, and the injury for which relief is sought, the loss in value of the conversion rights, is the same under each legal theory. Each claim against the non-diverse takeover defendants also depends on a prior finding that Empire breached its obligation under the indenture.
 
 
 16
 The plaintiff in Finn also advanced different legal theories requiring slight variations in the detail of proof with regard to different defendants. As here, however, the injury for which relief was sought--the property loss--was the same under each theory and the underlying occurrences giving rise to the actions against the various defendants was an integrated transaction. Finn thus controls our decision here.
 
 
 17
 Finn reads "separate and independent claim or cause of action" as a reference not to the variety of legal theories advanced but to the underlying occurrence or occurrences giving rise to the litigation.[4] Of course, these underlying occurrences must be closely enough related to remain within the pendent jurisdiction of the court under Article III, see United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which greatly limits the class of cases that may be removed under Sec. 1441(c). Such cases do exist, however. For example, independent breaches by contractors of separate contracts for the construction of a plant may be removed under Sec. 1441(c). See Climax Chemical Co. v. C.F. Braun & Co., 370 F.2d 616 (10th Cir.1966), cert. denied, 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967). On the other hand, where the underlying occurrence or occurrences are so interwoven or so overlap as to be fairly described as inseparable, removal is not permitted. That is the case here where the actions resulting in the leveraged buy-out and in the decrease in value of the conversion rights were a continuous integrated transaction.
 
 
 18
 We thus follow Judge Edelstein's reasoning in City of New York v. New York Jets Football Club, Inc., 429 F.Supp. 987, 990-93 (S.D.N.Y.1977), holding claims of breach of contract and of inducing the breach of contract to state but a single claim, thus defeating Sec. 1441(c) jurisdiction. See also Milton R. Barrie Co., Inc. v. Levine, 390 F.Supp. 475 (S.D.N.Y.1975); Visual Sciences, Inc. v. Matsushita Electric Industrial Co., Ltd., 528 F.Supp. 1000 (E.D.N.Y.1981); Unanue v. Caribbean Canneries, Inc., 323 F.Supp. 63 (D.Del.1971).[5]
 
 
 19
 Defendants urge us to reach the merits in light of the substantial federal judicial investment already made in this case. The waste of judicial and private resources resulting from our decision is undeniable so far as the instant matter is concerned. However, we cannot entertain this action without authorizing removal of similar actions in the future and causing a much greater expenditure of resources on matters of no federal significance. Given the burgeoning dockets of federal courts, we perceive no role for judicial inventiveness in expanding diversity jurisdiction where Congress has sought to limit it. In any event, defendants caused the removal of this action notwithstanding the obviously adverse precedent established in Finn and undoubtedly perceived at the time the real possibility that the case would be remanded.
 
 
 20
 Vacated and remanded to the district court with instructions to remand to the New York state courts.
 
 
 
 [1]
 The citizenship of defendant S.A. Spencer is not established in the record
 
 
 [2]
 We are also in the dark, see note 1 above, as to the citizenship of the new plaintiffs with the exception of the David Schwartz Foundation, which is incorporated in New York
 
 
 [3]
 Appellees argue that the holding of Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939), requires us, for purposes of determining removability, to look only to the allegations of the complaint at the time of removal and not the complaint as amended after removal. However, we need not reach the issue here since the original complaint, although containing but a single count, alleged the substance of each element of the amended complaint, but for the default claim, as to all defendants
 
 
 [4]
 The appellees assert that the claims alleged in the complaint are "separate and independent" under New York law, citing Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 324, 425 N.Y.S.2d 783, 785, 402 N.E.2d 122, 124 (1980) ("While a breach of contract may give rise to a separate tort liability ..., the two are conceptually distinct liabilities, and the cause of action for breach of contract is conceptually unrelated to the tortious nature of the act which constitutes the breach ....") (citations omitted). However, Fantis Foods discussed the relationship between tort and contract in a very different context from that presented here. There, the court considered whether N.Y.Civ.Prac. Law Sec. 302(a)(3) (McKinney 1972), which grants in personam jurisdiction for torts committed outside the state, could be relied upon to obtain jurisdiction over a contract claim arising from the same facts. The court concluded that such reliance was improper because the legislature expressly stated its intention to limit jurisdiction under C.P.L.R. 302(a)(3) to tort claims. In any event, the result in this case would be the same even if appellees' reading of state law were correct since federal law supplies the test as to what is a separate and independent claim or cause of action. 14 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedures Sec. 3724 at 646-47 (1976); 1A J. Moore and B. Ringle, Federal Practice p 0.163[4.-2] (2d ed. 1983). Finn itself makes this clear; rather than looking to state law, the Court made its own determination of whether there was a "separate and independent" claim. See Finn, 341 U.S. at 14-16 & n. 12, 71 S.Ct. at 540-541 & n. 12
 
 
 [5]
 Appellees rely on Twentieth Century-Fox Film Corp. v. Taylor, 239 F.Supp. 913 (S.D.N.Y.1965), where a claim of breach of contract and one of inducing that breach were held "separate and independent." Taylor and other cases that have followed it, see, e.g., Coleman v. Johnston, 532 F.Supp. 370 (S.D.N.Y.1981) (distinguishing Taylor from New York Jets on the basis that in the former case the diverse claim was for breach of contract while in the latter case the diverse claim was for inducing the breach), are disapproved to the extent that they are inconsistent with our holding here