Audrey HARRIS, et al., Plaintiffs,

v.

G.C. SERVICES CORP., et
al., Defendants.

PLANTRONICS, INC., Defendant and
Third-Party Plaintiff,

v.

UNITED STATES of America,
Third-Party Defendant.

No. 86 Civ. 5883 (GLG).

United States District Court,
S.D. New York.

Feb. 3, 1987.

Lipsig, Sullivan & Liapakis, P.C., New York City, for plaintiffs; Jay W. Dankner, of counsel.

Burke & Stone, New York City, for defendant and third-party plaintiff Plantronics, Inc.; William Burke, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for third-party defendant Stephen A. Dvorkin, of counsel.

## OPINION

GOETTEL, District Judge:

In this action, several employees of the Internal Revenue Service (IRS) seek damages for claimed hearing loss due to a malfunction of the telecommunications system at the Manhattan IRS office in 1985. The complaint alleges products liability against five defendants, claiming that the system and its component parts were defective and created unreasonable and unnecessary risks of harm to IRS employees who utilized the system in the course of their employment. The defendants are designers, manufacturers, sellers, installers, and owners of the system and its parts.

The action was commenced in July 1986, in New York State Supreme Court, Bronx County. All plaintiffs are citizens of New York. On August 1, 1985, one of the defendants, Plantronics, Inc., removed the case to federal court. Plantronics is a California company. The removal petition asserted federal jurisdiction based on total diversity between the plaintiffs and the defendants. This claim is inaccurate since defendant International Business Machines (IBM) is a domestic corporation having its principal place of business in Westchester County, New York. Defendant Plantronics has now abandoned this basis for removal.

Plantronics also relied on 28 U.S.C. § 1441(c), arguing that distinct and sepa-

rate claims against it justified removal. Section 1441(c) provides as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed...." Removal statutes are to be read strictly in order to limit encroachment upon a states' sovereignty. *Hamilton v. Hertz Corp.*, 607 F.Supp. 1371, 1374 (S.D.N.Y.1985); *Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162, 1164–65 (S.D.N.Y.1981).

■ In determining whether removal was proper, the Court must focus on the claims advanced in the complaint. *Hamilton v. Hertz Corp., supra*, 607 F.Supp. at 1374. The claims in the instant complaint relate to the entire telecommunications system and the manner in which the various aspects relate to each other. The negligence of all of the defendants is alleged to have caused the injury. *See, e.g.*, Complaint ¶¶ 69, 87, 90, and 93. Plaintiffs allege, and defendants do not deny, that the system was installed after careful analysis and research into the various portions of the system, including such things as computers, terminals, headsets, and switching apparatus. Although defendant Plantronics maintains that it was responsible for only a portion of the system and that its liability must be assessed separately, this does not bear upon the question of whether the claims against it are separate and independent.

The plaintiffs have set forth a single wrong. They maintain that the combined negligence of all of the defendants contributed to their injuries. As the Tenth Circuit said in *Gray v. New Mexico Military Institute*, 249 F.2d 28 (10th Cir.1957), "[a] single recovery is sought. A pleading which alleges but one wrong, for which single relief is sought, cannot constitute a separate and independent claim, no matter how many defendants are said to be liable therefor, or how diverse their basis of liability." *Id.* at 31–32. In *Gray*, as in *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977), and *Gallagher v. Continental Insurance Co.*, 502 F.2d 827 (10th Cir.1974), the appellate court relied upon the landmark case of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 12–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951). In *Finn*, the Supreme Court held that no separate and independent claim exists under § 1441(c) when a single wrong for which relief is sought arises from an interlocked series of transactions. The alleged transactions need not be inextricably interlocked, but merely sufficiently interlocked to invoke the *Finn* rationale.[1] *See Union Planters National Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89–90 (6th Cir.1977); *American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. 843, 847–49 (S.D.N.Y.1983). We hold, therefore, that § 1441(c) provides no basis for removal.

■ After the plaintiffs had moved to remand the case to state court, and following the briefing of the issue, Plantronics impleaded the United States of America as a third-party defendant. The complaint conclusorily alleges that the defects in the telecommunications equipment should have been detected by the IRS and that, consequently, its failure to discover and correct the malfunctions was the proximate cause of the plaintiffs' injuries. Plantronics's counsel then argued that the impleader of the United States (which, as a general proposition, cannot be sued or impleaded in the state courts) cured any defect in the removal. We disagree. The absence of federal jurisdiction over the main claim is not remedied by the commencement of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an

---

**1.** In a tort action for personal injuries, in which the plaintiff alleged that each of the four defendants were negligent in the sale, production, installation, and operation of the product and its component parts, "the fact that each defendant was responsible for a different phase in producing the final product did not make the action one involving separate and independent causes of action which would be removable under § 1441(c)." *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 63–64 (W.D.N.C.1978).

independent action. *See* 1A J. Moore & B. Ringle, *Moore's Federal Practice* § 0.167[10] (2d ed. 1986). Any other holding would simply encourage parties to make improvident removals and then cure them by impleading the United States Government. As noted in the well-reasoned opinion in *City of Alma v. Bell, Galyardt & Wells, Inc.*, 606 F.Supp. 686 (D.Neb.1985),

> because this Court never had jurisdiction under a removal statute over the primary action, the United States was not properly impleaded under Fed.R.Civ.P. 14. Thus, the provision of 28 U.S.C. § 2675 that waives submitting claims against the United States for administrative consideration is inapplicable. No jurisdiction is conferred over the subject matter of the third-party complaint or defendant, the United States. Therefore, both the third-party complaint and the United States must be dismissed.

*Id.* at 691.

In conclusion, the motion of the United States for an order dismissing the third-party complaint is granted. The remainder of the action having been improperly removed is remanded to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.