TOWNSHIP OF ELBA, DODGE COUNTY, WISCONSIN, a Municipal Corporation, Plaintiff,

v.

Jane STEFFENHAGEN, Defendant and Third-Party Plaintiff,

v.

Fred KRAFT, Earl Gay and Clifford Griffith, Third-Party Defendants.

No. 87–C–504.

United States District Court, E.D. Wisconsin.

July 23, 1987.

Randall Lueders, Columbus, Wis., for plaintiff.

Robert A. Bender, Watertown, Wis., for defendant and third-party plaintiff.

Mark J. Mingo, Milwaukee, Wis., for third-party defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The township of Elba is embroiled in a zoning ordinance dispute with Jane Steffenhagen, a resident of Elba and a commercial breeder of German shepherds. The town filed a complaint against Ms. Steffenhagen in February 1987 seeking to enforce a zoning ordinance that limits the number of dogs permitted on the premises of town residents. Ms. Steffenhagen answered this complaint by asserting that in enforcing its zoning ordinance, the town and, by way of a third-party complaint, the town board's individual members, violated her constitutional rights.

The town board members, Fred Kraft, Earl Gay and Clifford Griffith, as third-party defendants, filed a petition for removal to this court. Ms. Steffenhagen, as third-party plaintiff, filed a motion to remand and a motion for costs. Both of the third-party plaintiff's motions will be granted as specified in this decision.

## BACKGROUND

On February 11, 1987, the township of Elba (Elba) filed a complaint in the circuit court for Dodge County, Wisconsin, against Jane Steffenhagen, a resident of Elba. The gravamen of Elba's complaint is that Ms. Steffenhagen violated Elba zoning ordinance section 2.7 by keeping, and continuing to keep, more than four dogs on her residential property and for conducting breeding, rearing and commercial activities on her property. Pursuant to its com-

plaint, Elba seeks injunctive relief and also to have fines imposed against Ms. Steffenhagen.

In her answer, Ms. Steffenhagen alleges several affirmative defenses to Elba's complaint. According to her answer, Elba had notice of the nature of Ms. Steffenhagen's business, its size and any possible zoning violation as early as 1979, the year she obtained county licenses for her kennels. Accordingly, Ms. Steffenhagen counterclaims that Elba should be estopped from enforcing the ordinance against her and that its action is arbitrary and unreasonable, constitutes a taking of her private property without just compensation, and involves a denial of equal protection. In her counterclaim Ms. Steffenhagen seeks actual damages, injunctive relief and reasonable attorney's fees.

In its reply to the counterclaim, Elba, a municipal corporation, set forth the affirmative defense of qualified immunity. Ms. Steffenhagen responded with a third-party complaint in which she names the individual members of Elba's town board as third-party defendants and alleges claims essentially the same as those set forth in her counterclaim.

The third-party defendants filed an answer and a petition for removal to this court pursuant to 28 U.S.C. § 1441(c). The third-party defendants contend that removal is warranted because the third-party complaint, involving primarily federal claims under 42 U.S.C. § 1983, constitutes "a separate and independent claim which would be removable if sued upon alone [and] is joined with one or more otherwise non-removable claims or causes of action...." *Id.*

## ANALYSIS

The procedural posture of this case raises interesting questions regarding the scope of removal jurisdiction. Whether removal can be accomplished pursuant to petitions of third-party defendants is an issue that is not fully settled. "It is a question that neither Congress nor the Supreme Court has answered." *Crawford v. Albert*

*Einstein College of Medicine,* 647 F.Supp. 843, 845 (S.D.N.Y.1986).

■ The court of appeals for the seventh circuit has opined, without adopting a "universal and absolute rule," that "in the broad run of third-party cases ... the third party defendant cannot remove the case under section 1441(c)." *Thomas v. Shelton,* 740 F.2d 478, 487 (7th Cir.1984). However, my analysis in this case renders it unnecessary to determine whether the instant case is a "broad run" third-party case and, therefore, not subject to removal upon petition of the third-party defendants. This case is not properly removable because it is not "separate and independent" from Elba's non-removable claim against Jane Steffenhagen.

The court of appeals for the seventh circuit has held that "claims are not 'separate and independent' if the wrongs arise from an interlocked series of transactions, *i.e.,* they are substantially derived from the same facts." *Lewis v. Louisville & Nashville Railroad,* 758 F.2d 219, 221 (7th Cir. 1985)(quoting from *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). "In making this determination we look to the plaintiff's pleading, which controls." *American Fire & Casualty Co.,* 341 U.S. at 14, 71 S.Ct. at 540.

Comparing the plaintiff's complaint with the pleadings subsequently filed in this case, I am convinced that the third-party complaint does not amount to a separate and independent claim for purposes of 28 U.S.C. § 1441(c). The allegations leveled against Messrs. Kraft, Gay and Griffith by way of Ms. Steffenhagen's third-party complaint are equivalent to the affirmative defenses and counterclaims that she asserts in her answer to Elba's original complaint; these affirmative defenses, counterclaims and third-party complaint allegations all relate to the interlocking series of transactions that gave rise to Elba's zoning ordinance enforcement action.

■ The third-party defendants contend that the third-party action is separate and independent because "the instant action also involves the assertion of *two* (or more)

wrongs." Brief in Opposition to the Motion for Remand at 14 (emphasis in the original). In support of this contention they cite a case decided in this court involving the alleged violations of two separate contracts. *See Joint School District No. 1 v. Jos. P. Jansen Co., Inc.* 324 F.Supp. 1399 (E.D.Wis.1971).

The instant case, however, cannot properly be compared with *Joint School;* the latter did not involve third-party claims. Thus, in determining whether a separate and independent claim existed to permit removal under 28 U.S.C. § 1441(c), I focused on the number of "wrongs" alleged by the plaintiff. *See id.* at 1401. In third-party actions, however, a tabulation of wrongs alleged is not an appropriate test for separate and independent claims. Third-party actions often involve multiple wrongs. If the mere existence of multiple wrongs warranted removal under 28 U.S.C. § 1441(c), nearly every third-party defendant satisfying federal subject matter jurisdiction requirements could successfully petition for removal. As noted, however, in the "broad run" of third-party actions, third-party defendants do not enjoy such an opportunity. *See Thomas, supra,* 740 F.2d at 487.

In ruling on removal petitions by third-party defendants, courts have considered other factors including the relationships between the parties and the relationships between the alleged wrongful courses of conduct. *See, e.g., Ford Motor Credit Co. v. Aaron-Lincoln Mercury,* 563 F.Supp. 1108, 1111 (N.D.Ill.1983). Analyzing the case at bar in light of these factors, I conclude that remand is clearly warranted. The parties and the courses of conduct at issue are completely interrelated. In her third-party complaint, Ms. Steffenhagen alleges constitutional impropriety in the enforcement of Elba's zoning ordinance section 2.7. One means of enforcement complained of is the filing of the primary suit in this case. 28 U.S.C. § 1441(c) does not authorize the exercise of federal jurisdiction pursuant to a petition for removal in a case like this.

In conjunction with her motion for remand, Ms. Steffenhagen has filed a motion for costs pursuant to 28 U.S.C. § 1447(c). She has also filed a verified bill of costs in the amount of $70.91 and a statement of attorney's fees in the amount of $1,375.91.

28 U.S.C. § 1447(c) provides as follows:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case and may order the payment of just costs.

The petition filed on behalf of Messrs. Kraft, Gay and Griffith was patently deficient under 28 U.S.C. § 1441(c). Accordingly, an award of costs is warranted in this case. I believe that "just costs" can include attorney's fees. Thus, I am persuaded that Ms. Steffenhagen is entitled to reasonable attorney's fees in the amount of $400 together with her costs of $70.91.

Therefore, IT IS ORDERED that the third-party plaintiff's motion for remand be and hereby is granted.

IT IS ALSO ORDERED that this case be and hereby is remanded to the circuit court for Dodge County, Wisconsin.

IT IS FURTHER ORDERED that the third-party plaintiff be and hereby is entitled to a judgment in this court for her costs and attorney's fees in the amount of $470.91 against the three third-party defendants. If such sum is not paid to the third-party plaintiff within 20 days from the date of this order, upon Ms. Steffenhagen's written application, the clerk of this court shall enter judgment in favor of the third-party plaintiff for the sum of $470.91 against the third-party defendants, jointly and severally.