**James MIGNOGNA, Plaintiff,**

**v.**

**SAIR AVIATION, INC., Exxon Corporation, Mooney Aircraft Corporation, Hancock Field Aero Club, and General William D. Stewart, Defendants.**

**MOONEY AIRCRAFT CORPORATION, Third–Party Plaintiff,**

**v.**

**UNITED STATES of America, Shaw Aero Devices, Inc., and Kingston Flying Club, Third–Party Defendants.**

**No. 87–CV–1281.**

United States District Court, N.D. New York.

Feb. 9, 1988.

F. Lee Bailey and Aaron Broder, New York City (G. Michael Simmon and Michael C. Zwal, of counsel), for plaintiff.

Greene, Hershdorfer & Sharpe, Syracuse, N.Y. (Hilbert I. Greene, of counsel), for defendant Sair Aviation, Inc.

Hiscock & Barclay, Syracuse, N.Y. (Robert A. Barrer, of counsel), and McBreen & McBreen, Chicago, Ill., for defendant and third-party plaintiff Mooney Aircraft.

MacKenzie Smith Lewis Michell & Hughes, Syracuse, N.Y. (Jay W. Wason, Jr., of counsel), for defendant Stewart.

Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C. (Daniel Reich, of counsel).

Hon. Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Syracuse, N.Y. (William H. Pease, Asst. U.S. Atty., of counsel).

John M. Downing & Associates, P.C., New York City (John M. Downing, of counsel), for third-party defendant Shaw Aero Devices, Inc.

Sands, Gay & Kemp, Kingston, Ontario, Canada (Wayne C. Gay, of counsel), for third-party defendant Kingston Flying Club.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This action raises a number of interesting and difficult questions regarding Congress' recent abrogation of the long-established derivative jurisdiction doctrine when subsection (e) was added to the general removal statute, 28 U.S.C. § 1441. Unfortunately, because this case was improvidently removed, this court lacks the jurisdiction to entertain these questions at this time.[1]

---

1. Before June 19, 1986, it was well-established that a district court's jurisdiction over an action removed from state court under the general removal provisions of 28 U.S.C. § 1441 was purely derivative in nature, and that "if the state court lack[ed] jurisdiction over the subject matter or the parties, the federal court acquire[d] none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981); *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922). This "derivative jurisdiction" doctrine was the subject of considerable criticism because of the resultant inefficiency when a federal court dismissed a claim over which it otherwise would have had jurisdiction had it not been mistakenly initiated in state court. *See* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157[3.–2] at 58–60 (2d ed. 1987); Wright, Miller & Cooper, *Federal Practice and Procedure* § 3722 at 284–90 (1985).

In response to such criticism, Congress abrogated the derivative jurisdiction doctrine through an amendment to the general removal statute on June 19, 1986. *See* 28 U.S.C. § 1441(e). This amendment affects "claims in civil actions commenced in State courts on or after [June 19, 1986]." Act of June 19, 1986, Pub.L. No. 99–336, § 3(b), 100 Stat. 637. The Government argues that this amendment does not apply to the instant case, since it was originally commenced before June 19, 1986. Mooney counters that the amendment covers "claims," such as its third-party action, brought after the amendment's effective date. The Government has also argued that the new subdivision (e) to § 1441 does not apply to claims against the United States, at least when the claim is made under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. None of these issues can be addressed by the court, however, since it appears that the third-party claim against the Government was improperly removed.

Plaintiff was injured when the single-engine airplane he was piloting crashed at the Burlington, Vermont International Airport on September 24, 1983. On March 22, 1985, plaintiff commenced this action sounding in tort in New York State Supreme Court, Onondaga County, against General William D. Stewart, the owner of the plane, Mooney Aircraft Corporation ("Mooney"), the manufacturer of the plane, Sair Aviation, Inc., which sold fuel to plaintiff on the day of the accident, and the Hancock Field Aero Club ("Aero Club"), to whom the plane had been leased by General Stewart. The Aero Club, now defunct, was an instrumentality of the United States at the time of the accident. *See* 5 U.S.C. § 2105(c); 10 U.S.C. § 9779(c). On August 26, 1985, the United States removed the action to this court, and in a written decision dated March 6, 1986, plaintiff's claim against the Aero Club was dismissed for failure to file an administrative claim with the United States Air Force, as required by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2675(a). The case was then remanded to state court. *Mignogna v. Sair Aviation, Inc.*, No. 85–CV–1158 (N.D.N.Y. March 6, 1986) [available on WESTLAW, 1986 WL 20587].

On August 24, 1987, defendant Mooney commenced a third-party action for contribution against the United States and two other private parties. Under the FTCA, the United States may "be impleaded as a third-party defendant and [held] to answer the claim of a joint tortfeasor for contribution as if the United States were a private individual." *United States v. Yellow Cab Co.*, 340 U.S. 543, 544, 71 S.Ct. 399, 401, 95 L.Ed. 523 (1951); *see also Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 198, 103 S.Ct. 1033, 1038, 74 L.Ed.2d 911 (1983); *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 669–70, 97 S.Ct. 2054, 2056–57, 52 L.Ed.2d 665 (1977). The federal courts are given exclusive jurisdiction over claims arising under the FTCA. 28 U.S.C. § 1346(b). On September 17, 1987, the United States again removed this action to this court, purportedly pursuant to 28 U.S.C. § 1442(a), and moved to dismiss the third-party complaint against it pursuant to Fed.R.Civ.P. 12(b)(1). The

Government argues that the derivative jurisdiction doctrine still controls this case, and that since the state court lacked jurisdiction over Mooney's third-party claim, this court acquired no jurisdiction upon removal. *See, e.g., Lambert Run Coal Co. v. Baltimore & Ohio R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Mooney cross-moved to remand this case to state court, but subsequently withdrew its cross-motion. The court will nonetheless address the propriety of removal of this action, since the subject-matter jurisdiction of the court is implicated. *See Gainesville v. Brown–Crummer Investment Co.*, 277 U.S. 54, 59, 48 S.Ct. 454, 455–56, 72 L.Ed. 781 (1928) (issue of federal court's jurisdiction over removed action cannot be waived); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (federal courts have fundamental duty to consider question of subject matter jurisdiction, even if jurisdictional issue is not raised by parties); *Republic of Philippines v. Marcos*, 806 F.2d 344, 352 (2d Cir.1986) (same), *cert. denied*, — U.S. —, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987).

■ At issue is whether and under what circumstances the United States, drawn into a personal injury action in state court on a third-party contribution claim under the FTCA, may remove the action to federal court when the federal court lacks jurisdiction over the original claim. In its removal petition, the United States relied solely on 28 U.S.C. § 1442(a). Section 1442(a) allows the removal of any action brought in state court against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office," 28 U.S.C. § 1442(a)(1), against any "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States," *id.* § 1442(a)(2), or against any federal judicial or legislative officer for any act committed in the discharge of his official duties. *Id.* § 1442(a)(3) & (4). By its terms, § 1442 is not applicable when the United States itself, rather than one of its

officers, is the named party in state court seeking removal to federal court. *See, e.g., New England Explosives Corp. v. Maine Ledge Blasting Specialist, Inc.,* 542 F.Supp. 1343, 1346 n. 4 (D.Me.1982); *State of New Mexico ex rel. Reynolds v. United States,* 408 F.Supp. 1029, 1030 (D.N.M. 1975); cf. *Lance International, Inc. v. Aetna Casualty & Surety Co.,* 264 F.Supp. 349, 355–56 (S.D.N.Y.1967) (plain language of § 1442(a)(1) limits right to remove to an "officer" or "person acting under him," and does not extend removal right to Government corporations).

■■■■ The Government's failure to make reference to an applicable removal provision in its removal petition is not fatal, however, but instead is merely a technical defect, since all that is required in a petition for removal is "a short and plain statement of the facts which entitle [the petitioner] to removal." 28 U.S.C. § 1446(a); *Harlem River Produce Co. v. Aetna Casualty & Surety Co.,* 257 F.Supp. 160, 163–64 (S.D.N.Y.1965); cf. *White v. Wellington,* 627 F.2d 582, 587 (2d Cir.1980) (petition to remove "is analogous to a pleading," and "shall be so construed as to do substantial justice." (quoting Rule 8(f), Fed.R.Civ.P.)). Consequently, the court will address whether the Government could properly remove this action pursuant to the general removal statute, 28 U.S.C. § 1441.

The pertinent provisions of § 1441 are as follows:

   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

   (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441. Section 1441 is a jurisdictional statute, and as such the court may not hazard beyond a reasonable construction of its terms to find a basis for removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

The courts are sharply divided on the question of whether a third-party defendant may utilize the removal provisions of § 1441. A majority of courts have adopted the view that "[t]he absence of federal jurisdiction over the main claim is not remedied by the commencement of an ancillary third-party claim as to which federal jurisdiction would exist if asserted in an independent action." *Harris v. G.C. Services Corp.,* 651 F.Supp. 1417, 1418–19 (S.D.N.Y.1987); *see also Thomas v. Shelton,* 740 F.2d 478, 488 (7th Cir.1984) (Posner, J.) ("[W]e think that section 1441(c) does not authorize removal by third-party defendants in general or by the United States in particular," at least "in the broad run of cases"); *Crawford v. Hospital of Albert Einstein College of Medicine,* 647 F.Supp. 843, 846 (S.D.N.Y.1986); *Elsis v. Hertz Corp.,* 581 F.Supp. 604, 608 (E.D.N.Y.1984); *Share v. Sears, Roebuck & Co.,* 550 F.Supp. 1107, 1108–09 (E.D.Pa.1982); *Continental Resources & Mineral Corp. v. Continental Ins. Co.,* 546 F.Supp. 850, 852 (S.D.W.Va.1982); *Friddle v. Hardee's Food Systems, Inc.,* 534 F.Supp. 148, 149–50 (W.D.Ark.1981); *Garnas v. American Farm Equipment Co.,* 502 F.Supp. 349, 351 (D.N.D.1980); *Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008, 1013 (M.D. Ala.1977); *Burlingham, Underwood, Bar-*

ron, *Wright & White v. Luckenbach Steamship Co.,* 208 F.Supp. 544, 546–48 (S.D.N.Y.1962). The leading commentators on federal jurisdiction advocate this position. *See* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.167[10] (2d ed. 1987) (hereinafter *Moore's Federal Practice*); 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3724 at 388–91 (1985 & Supp.1987). There exists a formidable line of cases, however, holding that a third-party claim should be deemed a claim "joined" to the original cause of action, and that if the third-party claim is "separate and independent" of the original claims and would have been "removable if sued upon alone," § 1441(c) provides a basis for removal. *See, e.g., Carl Heck Engineers, Inc. v. LaFourche Parish Police Jury,* 622 F.2d 133, 135–36 (5th Cir.1980); *Soper v. Kahn,* 568 F.Supp. 398, 402–03 (D.Md.1983); *Ford Motor Credit Co. v. Aaron–Lincoln Mercury, Inc.,* 563 F.Supp. 1108, 1112–15 (N.D. Ill.1983); *Columbia Cas. Co. v. Statewide Hi–Way Safety, Inc.,* 94 F.R.D. 182, 183–84 (D.N.J.1982); *Motor Vehicle Cas. Co. v. Russian River County Sanitation District,* 538 F.Supp. 488, 493 (N.D.Cal.1981); *Peturis v. Fendley,* 496 F.Supp. 203, 205 (S.D.Ala.1980); *Ted Lokey Real Estate Co. v. Gentry,* 336 F.Supp. 741, 743 (N.D.Tex. 1972); *Wayrynen Funeral Home, Inc. v. J.G. Link & Co.,* 279 F.Supp. 803, 806 (D.Mont.1968) ; *McMahon v. City of Troy,* 122 F.Supp. 555, 556 (N.D.N.Y.1954) (Foley, J.); *see also Thomas v. Shelton,* 740 F.2d at 490–91 (Swygert, J., concurring in the judgment). This court finds this latter group of cases persuasive, and holds that a third-party defendant can remove an action under § 1441(c).

The cases holding that third parties may not remove an action under the general removal statute typically reason that jurisdictional statutes must be construed strictly, *see Shamrock Oil,* 313 U.S. at 108–09, 61 S.Ct. at 872, and since § 1441 contains no specific provision for removal by third-party defendants, implying such a right would expand the jurisdiction of the federal courts "beyond the parameters established by Congress." *Crawford,* 647 F.Supp. at 846 (citing 1A *Moore's Federal Practice* ¶ 0.167[10] at 513–14). These cases generally hold that third-party defendants are not "defendants" within the meaning of the statute. *See* 1A *Moore's Federal Practice* ¶ 0.167[10] at 514–15. Some courts have concluded that § 1441(c) does not apply unless the claim which is to be removed has been "joined" with other nonremovable claims brought by *plaintiff,* and this precludes removal of third-party claims since they are ancillary and often even "antagonistic to[ ] the nonremovable claim," given that "[a] third-party complaint is usually conditional on the success of the main [nonremovable] claim." *Thomas v. Shelton,* 740 F.2d at 486. Some courts note that the current removal statute curtails the broad right of removal that was created in the aftermath of the Civil War by § 12 of the Judiciary Act of 1789, and argue that this fact indicates that Congress intended that the more recent general removal provisions be narrowly read. *See, e.g., Share v. Sears, Roebuck & Co.,* 550 F.Supp. at 1108. Finally, it has been argued that considerations of federalism militate against an expansive reading of § 1441(c), since the "removal of an entire suit on the basis of a third-party claim ... bring[s] into the federal court an action the main part of which is not within that court's original jurisdiction, and [would] enlarge federal at the expense of state jurisdiction in rather a dramatic way." *Thomas v. Shelton,* 740 F.2d at 486.

To adopt an inflexible rule barring removal by third-party defendants, however, would have the curious effect of making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action. *Coleman v. A & D Machinery Co., Inc.,* 298 F.Supp. 234, 236 (E.D.Cal.1969). Further, the right to remove would be directly affected by the procedural rules governing third-party practice, which may vary from state to state.

> [I]t would not seem consonant with the intent of Congress that the right to have a cause tried before a federal tribunal

should be made to depend on the fortuitous nature of the laws of a state relating to third party practice. As the Supreme Court said in [*Shamrock Oil*, 313 U.S. at 104, 61 S.Ct. at 870], "[t]he removal statute which is nation-wide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts."

If the removal statute is to be uniform in its application, construction should not depend on the procedures of a particular state respecting third party practice. Had [state] practice not permitted third party joinder, [third-party defendant] might have been brought into the courts of that state on the cause here in issue between it and third party plaintiffs as an ordinary defendant, instead of as a third party defendant, as in this case. Had this occurred, its right to remove could not have been questioned.

*Industrial Lithographic Co., Inc. v. Mendelsohn*, 119 F.Supp. 284, 286 (D.N.J.1954).

Moreover, it is not clear that the restrictive view toward removal of third-party claims adopted by the majority of cases addressing this problem is consistent with the language of the statute or congressional intent. First, those courts that have concluded that § 1441(c) allows removal only of severable claims "joined" together by the plaintiff have "insert[ed] qualifying language into the statute not placed there by Congress." *Ford Motor Credit Co.*, 563 F.Supp. at 1112. As one court has noted, the word "joined" is commonly understood to mean "to become united, associated, or combined," or "to bring or put together," and this is precisely what is accomplished through third-party practice. *Gamble v. Central of Georgia Ry. Co.*, 356 F.Supp. 324, 330 (M.D.Ala.), *rev'd on other grounds*, 486 F.2d 781 (5th Cir.1973). If Congress had intended to limit the reach of § 1441(c) to claims "joined" by the plaintiff

only, "it could easily have added the words 'by the plaintiff' to the statute." *Id.*

No more convincing is the argument that the reference to "the defendant or the defendants" in § 1441(a) demonstrates that Congress meant to make removal under § 1441 unavailable to third-party defendants. The meaning of "defendant" as used in § 1441 is a question of federal law and is not dependent on the procedural posture of the parties under state law. *Chicago, Rock Island & Pacific R. Co. v. Stude*, 346 U.S. 574, 579–80, 74 S.Ct. 290, 294–95, 98 L.Ed. 317 (1954). The best view is that a "defendant" within the meaning of § 1441 is someone who "has been haled into court involuntarily and must defend an action for relief against it." *Ford Motor Credit Co.*, 563 F.Supp. at 1113. There are two prongs to this definition. First, a "defendant" is a party who is attempting to avoid liability, or in the words of Justice Holmes, denies some "past or threatened wrong." *Mason City R. Co. v. Boynton*, 204 U.S. 570, 579, 27 S.Ct. 321, 323, 51 L.Ed. 629 (1907). Second, a defendant is a party who has "never voluntarily submitted itself to the jurisdiction of the state court." *Ford Motor Credit Co.*, 563 F.Supp. at 1113. Most third-party defendants, including the Government in the present case, fit this description.

The court finds nothing in the legislative history of the general removal statute requiring an interpretation of statutory language that is inconsistent with ordinary usage. It is true that Congress has twice cut back on the scope of the removal statute passed in 1875 through Acts passed in 1887 and 1948. The court agrees with Judge Posner, however, that there is no reason to apply "different standards of interpretation ... to statutes that restrict previous statutory rights [than would be applied] to statutes that create or expand rights; a maxim that requires the restrictive feature of the new statute to be construed broadly merely risks overcorrection." *Thomas v. Shelton*, 740 F.2d at 488.

Finally, the court does not believe that the interests of federalism are compromised by allowing the removal of third-par-

ty claims under § 1441(c). First, that subsection permits the court, in its discretion, to remand nonremovable claims while retaining jurisdiction over a "separate and independent" third-party claim. Indeed, one court found that this was the practice in *every* case it found in which the removal of a third-party action was allowed. *See Ford Motor Credit Co.*, 563 F.Supp. at 1114–15 & n. 25. This practice prevents usurpation of causes more properly heard in state court "while preserving the third party defendant's right of access to a federal forum." *Id.* at 1115 (footnote omitted).[2] Second, the number of third-party claims that can be removed under § 1441(c) in all likelihood will be minimal. Most third-party claims seek contribution or indemnification in the event the claimant is held liable for an injury suffered by another. As will be discussed in more detail forthwith, such claims are usually not "separate and independent" from the original cause of action brought by the plaintiff in state court, and thus cannot be removed pursuant to § 1441(c). In short, the court does not perceive any serious implications for our federal system as a result of the removal of independent third-party claims which would have been removable if sued upon in a separate action.

■ Though the court concludes that as a general proposition third-party defendants may utilize the provisions of § 1441(c), removal is nonetheless impermissible unless the otherwise removable third-party claim is "separate and independent" from the nonremovable main claim. This requirement has been construed strictly, and the Supreme Court has held that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). In applying this standard, the court must "look to the plaintiff's pleading, which controls." *Id.* Claims are not deemed "separate and independent" if "they are substantially derived from the same facts." *Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 221 (7th Cir.1985); *see also New England Concrete Pipe Corp. v. D/C Systems of New England*, 658 F.2d 867, 874 n. 12 (1st Cir.1981). The court must also consider "the relationships between the parties and the relationships between the alleged wrongful courses of conduct." *Elba Township v. Steffenhagen*, 664 F.Supp. 1238, 1241 (E.D. Wis.1987).

■ An otherwise removable claim cannot be deemed "separate and independent" if it is contingent in some way on plaintiff's nonremovable claim. *See, e.g., Moore v. United Services Automobile Ass'n*, 819 F.2d 101, 103 (5th Cir.1987); *Snow v. Powell*, 189 F.2d 172, 174 (10th Cir.1951); *Ford Motor Credit Co.*, 563 F.2d at 1111. That is precisely the situation that exists when a party accused of negligently causing another's injury seeks contribution from a joint tortfeasor. The negligent acts alleged against each of the joint tortfeasors may differ, but the injury for which relief is sought is the same and "the underlying occurrences giving rise to the actions against the various defendants was an integrated transaction." *Gardner and Florence Call Cowles Foundation v. Empire Inc.*, 754 F.2d 478, 481 (2d Cir.1985). A contribution claim against a joint tortfeasor in a third-party complaint is not "separate and independent" from the allegations of negligence in the plaintiff's complaint, and thus is not removable under § 1441(c). *Elsis v. Hertz Corp.*, 581 F.Supp. at 607; *Luebbe v. Presbyterian Hospital*, 526 F.Supp. 1162, 1165 (S.D.N.Y. 1981). The fact that the United States was the third-party defendant seeking removal in this case does not alter this conclusion; the court perceives nothing in the language or history of the removal statute indicating that the "separate and independent" re-

2. This practice also avoids some of the constitutional problems that some academics have raised with regard to § 1441(c). Compare Lewin, *The Federal Courts' Hospitable Back Door— Removal of "Separate and Independent" Non-* *Federal Causes of Action*, 66 Harv.L.Rev. 423 (1953), with Moore & VanDercreek, *Multi–Party, Multi–Claim Removal Problems: The Separate and Independent Claim Under Section 1441(c)*, 46 Iowa L.Rev. 489 (1961).

quirement of § 1441(c) should be applied less stringently when the United States, rather than a private litigant, seeks removal. *See Thomas v. Shelton,* 740 F.2d at 488.

In view of the foregoing, this action is remanded in its entirety to the New York State Supreme Court, Onondaga County, pursuant to 28 U.S.C. § 1447(c).

It Is So Ordered.