NEW VENTURE GEAR,
INCORPORATED,
Plaintiff,

v.

Dennis FONEHOUSE, Defendant.

Dennis FONEHOUSE, Third–
Party Plaintiff,

v.

CHRYSLER CORPORATION,
Third–Party Defendant.

No. 97–CV–362 (FJS).

United States District Court,
N.D. New York.

Nov. 19, 1997.

Hancock, Estabrook L.L.P., Syracuse, NY (David E. Peebles, of counsel), for Plaintiff New Venture Gear, Inc. and Third–Party Defendant Chrysler Corp.

Jacobs & Forward Law Firm, Lafayette, NY (Patrick J. Cunningham, of counsel), for Defendant, Third–Party Plaintiff.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge:

### Introduction

Plaintiff, New Venture Gear, Inc., originally brought this action in New York State Supreme Court, Onondaga County, seeking to recover medical payments that it allegedly wrongfully paid out as a result of Defendant Dennis Fonehouse's fraudulent misrepresentations regarding his marital status. The Defendant asserts counterclaims against the Plaintiff and brings a third-party complaint against Third-party Defendant Chrysler Corporation for wrongful discharge and common law conspiracy and seeks a declaratory judgment discharging him of all liability arising out of the conduct in question. Upon being joined, Chrysler Corporation asserted counterclaims against Defendant Fonehouse for fraudulent misrepresentation and removed the action to this Court pursuant to 28 U.S.C. § 1441. Presently before the Court is a motion by the Defendant to remand this action to state court pursuant to 28 U.S.C. §§ 1441(c) or 1367(c).

### Discussion

In response to the Defendant's motion to remand this action to state court, Chrysler argues that removal is proper because Fonehouse's third-party claim for a declaratory judgment against Chrysler is separate and independent from New Venture Gear's original claim against Fonehouse. *See* 28 U.S.C. § 1441(c). Moreover, Chrysler argues that the third-party claim seeks to prohibit deductions from Fonehouse's pension plan, and as such, Chrysler asserts that the claim is preempted by the Employment Retirement

and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.[1]

As a general rule the majority of courts hold that removal is reserved solely for the original defendant. *See Thomas v. Shelton,* 740 F.2d 478, 486 (7th Cir.1984); *Harris v. G.C. Servs. Corp.,* 651 F.Supp. 1417, 1418–19 (S.D.N.Y.1987); *Crawford v. Hosp. of Albert Einstein College of Med.,* 647 F.Supp. 843, 846 (S.D.N.Y.1986); *Elsis v. Hertz Corp.,* 581 F.Supp. 604, 608 (E.D.N.Y.1984); *Luebbe v. Presbyterian Hosp. in City of N.Y.,* 526 F.Supp. 1162, 1164 (S.D.N.Y.1981). This district, however, has allowed for third-party removal in certain limited circumstances. *See Mignogna v. Sair Aviation, Inc.,* 679 F.Supp. 184, 190 (N.D.N.Y.1988). In *Sair,* the Court recognized a limited exception to the general rule that only the original defendant may remove by allowing a third-party defendant to remove an entire action pursuant to 28 U.S.C. § 1441(c) where the claim against the third-party defendant is separate and independent. 679 F.Supp. at 190. The Court reasoned that barring removal by third-party defendants would have the undesirable effect of "making a litigant's right to have a claim heard in a federal forum turn on the fortuity of being sued in a third-party complaint rather than in a separate action," even though the claim itself is separate and independent. *Sair,* 679 F.Supp. at 188.

In *American Fire & Casualty Co. v. Finn,* the Supreme Court held that a "separate and independent" action does *not* exist for the purposes of § 1441(c) if there is "a single wrong to plaintiff ... arising from an interlocked series of transactions." 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951). In applying *Finn,* the Second Circuit stated that a separate and independent claim or cause of action is a reference, not to the variety of legal theories advanced, but to the underlying occurrence or occurrences giving rise to the litigation. *See Gardner and Florence Call Cowles Found. v. Empire Inc.,* 754 F.2d 478, 481 (2d Cir.1985). In essence a third-party claim cannot be "separate and independent" if it is substantially derived from the same set of facts, or "if it is contin-

gent in some way on the plaintiff's non-removable claim." *Sair,* 679 F.Supp. at 190; *see also Lewis v. Louisville & Nashville R. Co.,* 758 F.2d 219, 221 (7th Cir.1985).

In this case, Chrysler alleges that Fonehouse's third-party claim for a declaratory judgment against Chrysler is separate and independent from New Venture Gear's original claim against Fonehouse. Chrysler relies heavily on the fact that the claims involve two different parties and two different time periods. However, both claims also necessarily involve Fonehouse's representations regarding Shirlie Fonehouse. Furthermore, the fact that New Venture Gear is the product of a joint venture involving Chrysler weakens the argument that the claims are separate and independent. In fact, according to Fonehouse, the practice of continuing coverage to ex-spouses carried over from Chrysler when New Venture Gear was created.

The Court finds that many of the same facts and witnesses necessary to resolve New Venture Gear's claim against Fonehouse will also be necessary to resolve Fonehouse's claim against Chrysler. Moreover, if the Court determines that Fonehouse did not make fraudulent representations with respect to Shirlie Fonehouse, then Fonehouse would also be entitled to a declaratory judgment preventing Chrysler from deducting money from his pension plan. In view of these circumstances, the Court finds that Fonehouse's counterclaim against Chrysler is not separate and independent from New Venture Gear's original claim against Fonehouse, and therefore is not removable under § 1441(c).

### Conclusion

Therefore, it is hereby

ORDERED that this action be remanded to New York State Supreme Court, Onondaga County.

**IT IS SO ORDERED.**

---

1. Fonehouse argues that his claims against Chrysler are based on tort and do not present a federal question under ERISA.